### TEXAS & PACIFIC RAILWAY COMPANY v. B. F. NELSON.

#### No. 1326.

1. **Joinder of Actions—Res Judicata—Same Act Injuring Husband and Wife.**—The husband may bring separate actions for personal injuries to himself and to his wife, sustained at the same time and resulting from the same act, and a recovery in the one case will not bar the other.

2. **Railway Company—Negligence—Public Crossing.**—The court correctly charged that it was negligence on the part of the railway company for those in charge of one of its trains to fail to blow the whistle or ring the engine bell at least eighty rods before reaching a public crossing, and to run its train at a higher speed than six miles per hour within the limits of a city whose ordinances forbid such higher rate of speed.

3. **Same—Charge of Court.**—Where the court's general charge correctly defines negligence as applied to the facts of the case, it is proper to refuse to charge that a given act or omission constitutes negligence or diligence.

APPEAL from Tarrant. Tried below before Hon. S. P. GREENE.

*Stedman & Thompson*, for appellant.—1. A judgment of a court is conclusive and final on all matters that might have been litigated and adjudged in such suit, and appellee, having the right, should have embraced all claims of damages in the first suit, and having elected to sue and recover for the personal injuries to himself, is estopped from prosecuting any further action. Foster v. Wells, 4 Texas, 101; City Waterworks v. White, 61 Texas, 538; Durant v. Essex Co., 7 Wall., 107; Terry v. Dickinson, 85 N. Y., 347; Willer v. Covant, 1 Wend., 487; Herm. on Estop., sec. 457.

2. The court erred in refusing the special charge asked by defendant, because the law does not require the employes of a railway com-

pany to be on the lookout for persons who may be approaching crossing.   Hargis v. Railway, 75 Texas, 19.

*Ben. M. Terrell*, for appellee.—1.   To bar a recovery in second suit, the same subject matter must be involved.   Personal injury to wife is not the same as injury to the husband   Where different proofs of nature, extent, and results of the injury may be necessary, there is not identity of issues.   A former judgment will not bar further litigation regarding even the same subject matter, unless same vital point was directly in issue, or was fairly within scope of the pleadings.   Where the record discloses that the former judgment was not rendered in whole or part upon the cause of action asserted in the second suit, the same is not a bar, though the subject of the second suit might have been litigated in the first.   James v. Jones, 81 Texas, 373; Pishaway v. Runnels, 71 Texas, 352; Phillipowski v. Spencer, 63 Texas, 604; Teal v. Terrell, 48 Texas, 508.

2.   Where the statute does not so authorize, it is error to charge any particular act or omission as a duty or nonduty relative to either party approaching a public railway crossing.   Railway v. Carson, 66 Texas, 345; Railway v. Lee, 70 Texas, 496; MacKay v Railway, 35 N Y , 75.

TARLTON, CHIEF JUSTICE.—On June 29, 1891, the plaintiff and his wife, Mrs. Dora Nelson, were in a wagon traveling westward and crossing East Weatherford street, in the corporate limits of the city of Fort Worth, at the intersection of the street with the track of appellant's railroad, when one of appellant's trains collided with the wagon and team, violently throwing the plaintiff's wife from the wagon, and seriously injuring her.   To recover damages for the injuries to his wife, the plaintiff brought this suit, and in December, 1892, recovered a verdict and judgment for $1600, from which this appeal is taken.

Under the verdict, resting upon sufficient evidence, we conclude that the accident and the consequent injury must be ascribed to the negligence of the defendant, and not to the contributory negligence of the plaintiff or of his wife.

The plaintiff in his petition alleged a violation of the city ordinances number 169, prohibiting the permitting of weeds to accumulate on the right of way; also a violation of the ordinance forbidding an engine or locomotive to run within the city limits at a rate of speed greater than six miles an hour; also a violation of the ordinance number 259, forbidding the running of an engine without the ringing, and continuing the ringing, of a bell within the city limits, as well as the statutory provision on the subject of blowing the whistle or ringing the bell at a public crossing.

Among other defenses, the appellant specially urged, in bar of any recovery to be had in this action, the institution of a suit by the plaintiff, B. F. Nelson, in the District Court of Tarrant County, to re-

cover damages for personal injuries to himself growing out of the identical collision, which suit, on removal to the United States Circuit Court, was there tried, resulting in a judgment for the plaintiff for the sum of $4500, which judgment was on appeal affirmed by the Circuit Court of Appeals at New Orleans, and was afterwards satisfied by the appellant.

The first question presented for our consideration is the correctness of the court's action in overruling this plea.

We have recently had occasion to consider whether, where one's person and his horse were injured at the same time, and as a result of the same negligence, a judgment recovered by the owner for injury to his property would bar a suit for injury to his person. Watson v. Railway, 27 S. W. Rep., 924.

We then announced that such a recovery would not constitute a bar; and we think that, perforce of the reasoning and authority invoked in that case, we must announce a similar conclusion here. If an injury to one's property in the guise of chattels is to be distinguished from an injury to his person, a fortiori a similar distinction should obtain in the case of an injury to one's wife, entailing consequences different, more delicate, and more disastrous, in proportion to the immeasurably greater dignity of the victim.

The view announced in the Watson case, though not unquestioned, seems to rest upon the weight of authority. Black on Judg., sec. 740. It is sustained by the court of last resort in England, Coleridge, C. J., dissenting from the majority; the dissent meeting with the approbation of Mr. Sutherland (in his work on Damages, volume 1, section 118), whom the distinction "impresses as being too metaphysical for practical purposes, and out of harmony with the analogies of the law."

If, however, we should be required to regard an injury done to the person of a man and that simultaneously inflicted upon his chattel as but one cause of action, because arising from the same tort, we would yet hesitate to extend the merger so as to include injuries inflicted upon the person of the husband with those inflicted upon that of his wife. We would be loath to so lose sight of the character of the injuries which might be inflicted upon her, growing out of the delicate physical and mental organism peculiar to her sex, as to ascribe to the marital relation the effect of obliterating a cause of action which, without it, would unquestionably exist. If, for injuries sustained by her while yet a maid, she should be entitled to redress in the courts, no good reason is perceived for holding her barred of such redress because of a change of relation, social or domestic, and because of the failure of the husband to seek recovery in the same suit in which he asserts a complaint for injuries peculiar to himself, and which exist wholly without reference to his wife.

A former suit brought by this plaintiff may therefore be said to have been instituted and prosecuted in a different capacity from that in

which he here acts. In that case, he sought damages in his own right, and for injuries to his own person; here he seeks to recover in his right as husband, springing, so far as he is concerned, exclusively through the medium of the marital relation. While the judgment will inure to his benefit, it will inure also to the benefit of the wife, whose injuries and sufferings were in no way involved in the former litigation.

The former action, therefore, involving a different issue, represented by the plaintiff in a different capacity, and requiring in its support different evidence, was properly regarded as different from the right here asserted. Freem. on Judg., 4 ed., secs. 156, 256, 259, pp. 462, 235a; Black. on Judg., sec. 740.

In stating this conclusion, we are not unmindful of the doctrine announced by our Supreme Court, that a cause of action for injuries to the wife is community property. Ezell v. Dodson, 60 Texas, 331; Gallagher v. Bowie, 66 Texas, 265; Loper v. Tel. Co., 70 Texas, 689; Rice v. Railway, 27 S. W. Rep., 921.

This doctrine, however, should not we think disturb the conclusion that, though the damages recovered may accrue to the benefit of the same estate, such accrual springs from a different source, requiring different pleading, different evidence, and different issues, to sustain it; and that, while by a separate count in his petition the husband could join the action for damages on account of injuries sustained by himself with such an action for injuries sustained by his wife, he is under no necessity to do so. Railway v. Edwards, 3 Ct. App. C. C., sec. 346; Skoglund v. Railway, 22 Am. St. Rep., 733.

The issue here determined was within the scope neither of the pleadings nor of the evidence in the former suit, which consequently we hold not to have been an adjudication of this case. Phillipowski v. Spencer, 63 Texas, 607; Pishaway v. Runnels, 71 Texas, 352; Wilson v. Casey, 3 Texas Civ. App., 141.

Complaint is made of the following paragraph of the court's charge: "It is the duty of a railway company and its employes in charge of one of its trains moving along its track, on approaching a public crossing, to blow the whistle or ring the bell on the engine pulling such train, at least eighty rods before reaching such crossing, and keep such bell ringing until such train shall have passed over such crossing; and it is further the duty of such railway company and its employes in charge of such train, while moving within the corporate limits of the city of Fort Worth, to so regulate the speed of such train that such speed will not exceed the rate of six miles per hour; and the failure of such railway company or its said employes to comply with the above requirements, or with any of them, would constitute negligence on the part of such railway company."

One of the requirements submitted in the charge is the alternative requirement, growing out of the terms of the statute, imposing it as a duty upon the railroad company to cause the whistle to be blown or the bell to be rung, and to be kept ringing; another grows out of the

terms of the city ordinance, prohibiting a rate of speed exceeding six miles an hour. The failure to comply with either of these requirements would constitute negligence.

The use of the word "any," instead of the more correct or grammatical word "either," could not, we think, have misled the jury.

Besides, the testimony excludes the possibility of detriment to the defendant by this instruction, as even the evidence introduced by it showed a failure to comply with the ordinance regulating the speed; and hence there was undisputed proof of negligence from this source. The lowest estimate placed upon the speed of the locomotive was that fixed by the engineer in charge of it, of ten or twelve miles an hour.

Under the facts of this case, the court was not called upon to give the requested instruction, "that the duty of the railway company does not require its employes to be on the lookout for persons who may be approaching the railway crossing." Having with reference to the evidence sufficiently defined negligence in its general charge, in submitting affirmatively the conditions fixed by law under which the defendant would be deemed guilty of negligence, it would have been improper and misleading to prescribe, outside of these conditions, any particular act or omission as constituting negligence or diligence. Railway v. Lee, 70 Texas, 496; Railway v. Anderson, 76 Texas, 244; Railway v. Roberts, 2 Texas Civ. App., 111; Railway v. Thompson, Id., 175; Garteiser v. Railway, Id., 235.

The court correctly admitted article 259, Revised Criminal Ordinances of the City of Fort Worth, forbidding the running of a railway engine without ringing the bell. This ordinance was authorized under the power conferred upon the city council by section 80, article 4, of the charter, empowering the council to "direct the use and regulate the speed of locomotive engines within the city." Railway v. Nelson, 50 Fed. Rep., 814.

Our conclusions of fact indicate that we must overrule the remaining assignments of error, complaining of the insufficiency of the evidence to support the verdict. Under the instruction of the court, properly submitting the issues of negligence and contributory negligence, the verdict rests upon sufficient evidence, and can not, therefore, be disturbed by us.

The judgment is affirmed.

*Affirmed.*

Delivered December 18, 1894.

Writ of error refused.