# SECOND DISTRICT, 1896.

---

GULF, COLORADO & SANTA FE RAILWAY CO. v. E. C. PENDERY.

Delivered June 6, 1896.

1.  **Negligence—Violation of City Ordinance—Charge of Court.**
The charge of court may properly treat the violation by a railroad company of a city ordinance regulating the speed of trains as negligence per se. [Following Railway v. Brown, 11 Texas Civ. App., 503.

2.  **Same—Definition of Negligence.**
An instruction that "negligence as used in this charge, means a failure to exercise such caution and care as a reasonably prudent and cautious person would usually exercise with reference to a similar matter under similar circumstances," held a sufficiently accurate definition of negligence.

3.  **Action for Personal Injuries—Allegation and Proof of Injury.**
Plaintiff's petition in an action for personal injuries to his wife alleged "serious internal and permanent injuries," and no special exception was made to the complaint for more specific information in regard to the nature and extent of the injuries. Held, that it was not error to refuse to instruct the jury to disregard evidence admitted without objection, showing injuries to the ovaries, and consequent pain in the sexual act.

**4. Same.**

Where, in an action for personal injuries to the plaintiff's wife, the physicians testified that she was suffering from a very nervous condition resulting from the injuries, it was not error to permit her to testify that she felt exhausted and worn out when awakened suddenly at nights.

**5. Same—Examination of Person of Injured Party.**

In an action for personal injuries the court may properly refuse to order an examination of the body of the injured person by physicians appointed by the court for that purpose. Following Railway v. Botsford, 141 U. S., 250.

**6. Same—Cross-examination—Bantering Witness.**

In an action for personal injuries to plaintiff's wife, where several physicians of unimpeached credibility have testified to the nature and extent of the injuries, and the court has declined to order an examination of the person of the wife by physicians appointed by the court, it is not error to refuse to allow plaintiff to be interrogated as to his willingness to permit such examination.

**7. Same—Verdict not Excessive.**

· In an action against a railway company for negligent injuries to plaintiff's wife, resulting in the serious impairment of her health, a verdict for $7875 is held not excessive.

Appeal from Tarrant. Tried below before Hon. W. D. Harris.

*J. W. Terry,* for appellant.—1. Running a train in excess of the speed prescribed by municipal ordinance, which does not purport to create any civil liability, does not authorize the court to declare to the jury, as a matter of law, that if such violation of the ordinance caused the accident, the same would require a verdict for plaintiff. Such violation of the ordinance is only evidence of negligence, to be considered by the jury in connection with all the other circumstances in the case, and it is the province of the jury to decide whether in the particular case the violation of the ordinance, in connection with such other circumstances, was a failure to exercise such prudence as a person of ordinary prudence would have exercised under the circumstances, and to draw the final conclusion of negligence vel non. Calhoun v. Railway, 84 Texas, 230; Railway v. Roberts, 2 Texas Civ. App., 111; Beck v. Railway (Oregon), 60 A. & E. R. R. Cases, 100; Hanlon v. Railway, 129 Mass., 310, 2 A. & E. R. R. Cases, 18; 13 A. & E. R. R. Cases, 647, note; 7 A. & E. R. R. Cases, 409, note.

2. The weight of authority is to the effect that the violation by a railroad company of a municipal ordinance regulating the speed of its trains, or requiring the giving of signals, is not negligence per se, but merely evidence of negligence. Railway v. Lawrence, 13 Ohio St., 66; Railway v. Wenat, 12 Neb., 76; Brown v. Railroad, 22 N. Y., 191; Jetter v. Railroad, 2 Keyes (N. Y.), 154; Nesiegel v. Railroad, 14 Abb. Pr., 29; McGrath v. Railroad, 63 N. Y., 522; Massoth v. Delaware Canal Co., 64 N. Y., 524; Lane v. Atlantic Works, 111 Mass., 136; Liddy v. Railroad, 40 Mo., 506; Railway v. McDonnell, 43 Md., 534; Railroad v. Mathias, 50 Ind., 65; Railroad v. Boyer, 2 Am. & Eng. R. R. Cases, 172; Penn. Co. v. Hensil, 6 Am. & Eng. R. R. Cases, 79; Van Horn v. Railway, 7 Am. & Eng. R. R. Cases, 591; Faber v. Railway, 8 Am. & Eng. R. R. Cases, 277.

3. The court should have charged the jury that negligence was a failure to exercise such care as a person of ordinary prudence would have exercised under the same circumstances. The care of a reasonably prudent and cautious person is not a standard known to the law. LaPrelle v. Fordyce, 23 S. W. Rep., 453; Railway v. Beatty, 73 Texas, 592; City of Austin v. Ritz, 72 Texas, 391.

4. Damages which are not the necessary consequences of the injury cannot be recovered unless specially alleged. There is no allegation in the petition in this cause that the plaintiff's wife suffered while having intercourse with him, or that she had sustained any injury which would cause her to so suffer. Campbell v. Cook, 86 Texas, 630; Railway v. Cook, 27 S. W. Rep., 769.

5. It appears from the evidence that the nervousness of Mrs. Pendery was a distinct ailment, called by the doctors neurasthenia, which might be attributable to various other causes than the injuries received in the railway accident. Such nervous disease was not a necessary consequence of the injuries alleged in the petition, and hence evidence thereof was not admissible.

6. Where the plaintiff's injuries are secret and internal, and the truth of his claim in respect thereto can only be ascertained by an examination of his person, and where for no good cause he refuses to submit to such examination, the court should require him to do so, as a condition of permitting him to further proscute his suit. Railway v. Johnson, 72 Texas, 101; R. & D. Co. v. Childress, 82 Ga., 719; 41 A. & E. R. R. Cases, 216; Schroeder v. Railway, 47 Ia., 375; White v. Railway, 61 Wis., 536; Railroad v. Hill, 90 Ala., 71; Sibley v. Smith, 46 Ark., 295; Railroad v. Thud, 29 Kan., 466; Graves v. Battle Creek, 95 Mich., 266; Hatfield v. Railroad, 33 Minn., 130; Owens v. Railroad, 95 Mo., 169, and cases there cited; Stuart v. Havens, 17 Neb., 221; Railroad v. Finlayson, 16 Neb., 578; Miami Co. v. Bailey, 37 Ohio, 104; Pa. Co. v. Newmeyer, 120 Ind., 409; Railroad v. Brunker, 128 Ind., 554; Herr v. Loveny, 122 Ind., 233; McGuigan v. Railroad, 126 N. Y., 50.

7. The court erred in refusing to allow the plaintiff, E. C. Pendery, on cross-examination, to be asked the following question: "Would you object at this time to an examination of Mrs. E. C. Pendery by three physicians appointed by the court?" and in refusing to allow said witness to answer. In view of the arbitrary refusal of plaintiff to allow his wife to submit to an examination, the question was proper cross-examination, and plaintiff should have been required to answer in order that the jury might consider the question and his answer in passing upon the bona fides of his case, and the credibility to be attached to the testimony of himself and wife.

8. The court erred in allowing plaintiff's counsel, Robert McCart, in his opening address to the jury, to make use of the following language, over the objection of the defendant: "When a railroad runs over women, spills their blood and crushes their bones, and ruins their life, the strong arm of the law should take hold of them for it." Which was then and

there objected to by counsel for defendant. This language of counsel is not based on any evidence in the record, as there is no evidence that any blood had been spilt or any bones crushed, and such language was calculated to inflame the minds of the jury, and probably did contribute to the large amount of the verdict in this case.

*Wynne & Mc Cart,* for appellee.—1. The law does not prescribe any given words by which the court shall instruct a jury as to the degree of care required of the servants and agents operating the railroad company's engine and cars in approaching the crossing of a street. The definition of negligence in the court's charge is substantially the same as contended for by the appellants, when considered in connection with the whole charge. Railway v. Sheider, 30 S. W. Rep., 904; Railway v. Brock, 30 S. W. Rep., 274; McDonald v. Railway, 22 S. W. Rep., 939.

2. There were no facts stated in the motion made to the court to authorize the court to order plaintiff's wife to submit to an examination; and the court has no such power under the law, as contended for by the appellants. Railway v. Underwood, 64 Texas, 463; Railway v. Botsford, 141 U. S., 250; Railway v. Norfleet, 78 Texas, 321.

3. The remarks of counsel complained of were made in the opening argument, and though there was no evidence of bones broken and blood spilled, there was evidence of an appalling and fearful crushing of the street car, and there is nothing in the record to show that there was any damage done to appellant by said remark. Railway v. Norfleet, 78 Texas, 321; Railway v. Croskell, 25 S. W. Rep., 486; 6 Texas Civ. App., 160; Tel. Co. v. Jobe, 6 Texas Civ. App., 403; Prather v. Mc-Clelland, 28 S. W. Rep., 94.

TARLTON, CHIEF JUSTICE.—Mrs. Etta F. Pendery, the wife of the appellee, E. C. Pendery, was on the 10th day of April, 1889, a passenger, with others, on a street car of the Fort Worth Street Railway Co. This car collided with a train of the appellant, the G. C. & S. F. Railway Co., at a crossing on Belknap Street, in the city of Fort Worth. As a result of this collision, Mrs. Pendery was seriously and painfully injured.

The injury sustained by her is to be ascribed to the negligence of the employes of the appellant, the G. C. & S. F. Railway Co., operating its train on that occasion.

The injuries inflicted upon Mrs. Pendery were of such a character as to justify the assessment of damages awarded by the verdict of the jury in the sum of $7875.

*Conclusions of Law.*—We dispose as follows of the questions presented in the appellant's brief:

1. Under the authority of Railway v. Brown, 11 Texas Civ. App., 503, 33 S. W. Rep., 146, decided by this court and approved by the Supreme Court, the contention of the appellant first urged under its

twenty-first, twenty-second and twenty-third assignments of error, to the effect that the court erred in treating a violation of the city ordinance regulating the speed of trains as negligence per se, must be overruled. We do not think that the charges complained of in these assignments merit the criticism of the appellant, that the jury would find for the plaintiff on the mere existence of negligence, without reference to the question whether injury proximately resulted therefrom. Railway v. Nelson, 9 Texas Civ. App., 156, 29 S. W. Rep., 78.

2. With sufficient accuracy the court in its general charge defined negligence as follows: "Negligence, as used in this charge, means a failure to exercise such caution and care as a reasonably prudent and cautious person would usually exercise with reference to a similar matter under similar circumstances." The court then instructed the jury, that even though guilty of negligence, the defendant would not be liable unless the injury complained of was the direct and proximate result of the negligence. Proceeding, the charge reads as follows: "If you (the jury) believe from the evidence that the agents or servants of the defendant the Gulf, Colorado and Santa Fe Railway Co. in charge of and in operating the train which it is alleged collided with the street car upon which plaintiff's wife was a passenger in approaching the crossing, of the said street railway over which said street car was being operated, failed to keep a proper lookout for cars or other vehicles which might be approaching the crossing, and that the said agents or servants were guilty of negligence in not keeping a better lookout, and in not exercising more caution and care than they did at the time of said collision * * * and if you further believe from the evidence that the collision with said street car was due to and resulted from such negligence on the part of such agents or servants of said defendant, the Gulf, Colorado and Santa Fe Railway Co., and that the collision would not have occurred but for such negligence on the part of said employes; and if you further believe from the evidence that the plaintiff's wife was injured by such collision, then it will be your duty to find for the plaintiff against the Gulf, Colorado and Santa Fe Railway Co. * * *"

Reading together these several items or clauses of the charge, we interpret the instruction as meaning—and the jury must have so understood it—that the defendant would only be liable for the failure to keep a proper lookout in the event that its agents and employes failed to keep such a lookout as a reasonably prudent and cautious person would have exercised with reference to a similar matter under similar circumstances. This, we think, was a proper test of the requisite diligence. Railway v. Shieder, 30 S. W. Rep., 907.

Without detailing them, we think that the facts and circumstances in evidence would justify an inference that the defendant's agents and employes failed to keep a proper lookout for cars and other vehicles that might be approaching the crossing, and that the pleadings of the plaintiff justified, with the evidence, the submission of such an issue. Thus, as stated on page 2 of the appellant's brief, the plaintiff alleged "that

the agents and servants then and there in charge of defendant G. C. & S. F. Ry. Co.'s train negligently and carelessly failed to keep a proper lookout for said street car on said street."

3.   In Railway v. Higbee, 26 S. W. Rep., 737, a companion to the present case, decided by this court and approved by the Supreme Court, special charge No. 12 requested by the defendant upon a similar state of facts, was condemned by us.   We adhere to the conclusion there announced, and overrule the eleventh assignment of error, complaining of the refusal of this instruction.

4.   The plaintiff E. C. Pendery, without objection on the part of the defendant, testified as follows:   "My wife is in such a condition that she cannot receive the approaches of myself as her husband in the generative relation without pain, and always has been since the time of the accident to the present time."   The effect of this testimony the defendant sought to avoid by submitting to the court special charges Nos. 2 and 4, the refusal of which is complained of in the third and fourth assignments of error.   These charges were to the effect that the jury, in assessing the plaintiff's damage, would not take into consideration any evidence of mental or physical pain experienced by the wife during sexual intercourse with her husband.   It is insisted that the court erred in refusing these special instructions, upon the proposition that the damages thus indicated are not the necessary consequences of the injury, and should not have been submitted to the jury in the absence of special allegations.

The plaintiff's petition alleging injury is as follows:   "Wounding and bruising plaintiff's said wife in the pit of her stomach and in her back, then and there causing her great pain and suffering, and serious internal and permanent injuries, and causing her to suffer in both body and mind, and then and there damaging plaintiff in the sum of $15,000."

The testimony of physicians, witnesses for the plaintiff, especially that of Dr. Howard, as set out on pages 28 and 29 of the appellee's brief, is to the effect that one of the "serious internal and permanent injuries" inflicted upon the plaintiff's wife was the displacement or prolapsus of the right ovary, and that as a result of this condition of the ovary sexual intercourse would be very painful to the woman.

It thus appears that the testimony of the husband which the defendant thus indirectly sought to exclude from the consideration of the jury, was within the scope both of the pleadings and of the evidence, which tended, as we have shown, to indicate that the pain testified about was the natural and necessary consequence of the injury inflicted.   No exception was taken to the pleading on account of its general character.   If the defendant had desired to be advised of the special character of the "serious internal and permanent injuries" complained of, we think it should have addressed a special exception to the petition calling for specific information in that connection.   In awarding compensation for physical and mental suffering, the court confined the jury to such as was experienced by the wife at the time of the accident and at a time

prior to the filing of the amended petition, permitting the consideration of evidence with reference to such suffering since that day solely for the purpose of determining the permanent character of the injuries complained of.

We therefore conclude upon this assignment, that as no objection was urged by the defendant to the evidence referred to, and as its admission comes within the scope of the pleading, not excepted to; and as there was testimony tending to show that the character of pain and suffering in question was the natural and necessary result of the serious internal injury already described, the question as here presented assumes a different form, and is to be distinguished from that considered in Campbell v. Cook, 86 Texas, 630, relied upon by the appellant in this connection.

5. Mrs. Pendery having testified that the injuries sued for in this case affected her with regard to being awakened at night instantly, was interrogated .as follows by the plaintiff's attorney: "State how it affects you to be awakened nights instantly;" to which she replied: "I feel just exhausted and worn out." In admitting this testimony the court overruled the defendant's objection to the effect that it is not responsive to the question, that it is irrelevant and immaterial, that there is no pleading supporting it, and that it does not tend to prove any damage or the extent of her injury.

The testimony of Dr. Kellar, a witness for the plaintiff, was to the effect that Mrs. Pendery was the victim of a very nervous condition called neurasthenia, and that according to medical science this condition was the result of the injury in question. We think that the objections urged were properly overruled. The evidence of the physician would justify the inference that the nervous condition disclosed by the evidence objected to was a necessary consequence of the injury complained of.

6. The restrictive character of the court's charge already adverted to precluded the jury, as we think, from awarding the assessment of damages on account of any improbable future permanent injury. Hence the court was not required to grant the fifth and fourteenth special instructions, to the effect that the jury would not consider future permanent injury, in the absence of the probability of such a result.

7. It is believed that the requested instructions 7 and 10, which we find it unnecessary to set out, were properly refused, as argumentative. They unduly emphasize the liability of the company as dependent upon the presumption in the minds of the employes of the defendant as to the conduct of the street car driver. Under the charge of the court, liability could not attach to the defendant in the absence of negligence on its part affirmatively found by the jury. We think the rights of the appellant were thus sufficiently guarded.

8. Upon the authority of Railway v. Botsford, 141 U. S., 250, and upon the force of the reasoning, which commends itself to our approval, of Justice Gray, the organ of the majority of the court in that case, we hold that the court correctly refused the motion of the appellant to ap-

point physicians charged with the duty of examining into the injuries of the plaintiff's wife.

9. After the refusal of this motion, counsel for appellant asked the plaintiff and his wife, respectively, whether the witness would "object at this time to an examination of Mrs. Pendery by three physicians appointed by the court." To the answer to the question the court sustained an objection by the plaintiff. It explains its action on the ground "that the question was too much in the nature of a banter to the witness while on the stand, or an effort to make a proposition to him for effect which could not then have been acted upon if accepted."

As the court had refused for sufficient reason the motion to compel an examination of the kind suggested, and as the extent of the injury sustained had been testified to by the several physicians, subject to cross-examination, and as the character of these witnesses as experts or for integrity was not questioned, we are not prepared to hold that the action of the court in refusing to entertain this question, involving, as it decided, an attempt to banter or to impose upon the witness, was such as to require a reversal of the judgment.

10. The language of counsel complained of in the seventeenth assignment of error, if unjustified by the record, was used in the opening argument, and as the trial court states in an explanation appended to the bill of exceptions complaining thereof, the defendant had ample opportunity to expose its unjustifiable character, if it existed, and to reply to any fallacy that might be involved in it.

11. When this cause was before us on a previous appeal (Railway v. Pendery, 27 S. W. Rep., 213) we held that the verdict then involved, for $6500, was not excessive. Taking into consideration the additional time that elapsed between the rendition of the verdict in that instance and the trial had in this, involving a probable estimate by the jury in lieu of accumulated interest, the verdict in the present instance is not greatly larger than on the former trial. In any event we think that the testimony of the physicians introduced by the plaintiff, showing serious, painful and permanent injuries, with the dire attendant results, justified the sum awarded by the jury.

We affirm the judgment.                                            *Affirmed.*