Ramon RAMOS, Jr., Appellant,

v.

Henry T. HORTON, Appellee.

No. 6075.

Court of Civil Appeals of Texas,
El Paso.

June 10, 1970.

Joseph Abraham, Jr., Guevara, Rebe &
Armstrong, El Paso, for appellant.

Scott, Hulse, Marshall & Feuille, Ste-
phen B. Tatem, Jr., Schuyler B. Marshall,
El Paso, for appellee.

OPINION

WARD, Justice.

This is an appeal from a summary judgment granted in favor of the defendant-appellee in an automobile collision case. The trial court held that a former judgment and jury findings upon which it was based, which was in favor of the same appellee and which denied recovery to the appellant's wife in a suit arising out of the same accident, operated as an estoppel by verdict or was res adjudicata to the present suit. We affirm the judgment of the trial court.

On September 16, 1967, the appellant, as the driver of his automobile and with his wife as a passenger, was involved in an accident with an automobile being driven by the appellee. On November 30, 1967 suit was filed in district court against the appellee for personal injuries and medical expenses sustained by both the appellant and his wife as a result of that accident. That suit was entitled, "Ramon Ramos, Jr. and Mary S. Ramos vs. Henry T. Horton." That suit came on for trial in September, 1968, and at the commencement of that trial, both plaintiffs in that action announced in open court that the plaintiff Ramon Ramos, Jr. no longer desired to prosecute his cause of action. Thereupon, he took a voluntary non-suit, which was approved by the court. His wife, Mary S. Ramos, then requested leave to file an amended petition and, this being granted, the same was filed, and therein Mary S. Ramos appeared as sole party plaintiff. At the trial of that case, the husband, Ramon Ramos, Jr., who was a practicing attorney in El Paso, testified as a witness and participated in the actual trial as the husband of Mary S. Ramos. On direct examination, being called as a witness for his wife, Mr. Ramos testified that he had suffered a slight injury in the accident, but he thought that he had recovered from it and that he had withdrawn any claim that he had ever made. On Cross-examination he testified again that he was not making any claim for himself, and further that he did not intend to do so in the future. That trial, which was before a jury, resulted in findings that Henry T. Horton failed to keep a proper lookout, which was a proximate cause of the accident, and that Ramon Ramos, Jr. also failed to keep a proper lookout and that this, likewise, was a proximate cause of the accident. The jury further found that Mrs. Ramos suffered no physical injuries, and in answer to the damage issue, which inquired as to the mental and physical pain, both past and future, suffered by Mrs. Ramos and reasonable and necessary medical charges incurred by her, the jury returned an answer of "none". Based on this verdict, a take-nothing judgment was entered against Mrs. Ramos and which soon became final. Thereafter, on March 4, 1969, Ramon Ramos, Jr. filed the present action for the injuries suffered to his own person, in the amount of $8,000.00, and for medical expenses arising out of the identical accident and against the identical defendant, in the same district court. To this action, after having answered and having raised the issue of the contributory negligence of Mr. Ramos again on failure to keep a proper lookout, the present motion for summary judgment was filed by the appellee on the theory that the prior final judgment operates to prevent a relitigation of the lookout-contributory negligence and proximate cause issues of Ramon Ramos, Jr. and that the previous testimony of Mr. Ramos operates as a judicial estoppel against him from now taking a contrary position to that which he formerly maintained.

In urging his first point of error the appellant is in his first inconsistent position from that which he adopted before the trial court in the prior suit. He now insists that he is not bound by the findings of fact rendered in the prior suit, as he was an indispensable and necessary party to the former suit. Previously, he had urged the court to grant him a non-suit, that his wife be permitted to proceed to trial alone for her injuries, and that he be permitted to participate in her trial as her husband.

Article 4626, Vernon's Ann.Texas Revised Civil Statutes, effective since 1963 (now Article 4.04, Family Code, V.A.T.S.), permits a wife to sue without joinder of the husband. After the accident in September, 1967, but before the first trial in September 1968, Article 4621, T.R.C.S., became effective on January 1, 1968 (carried into Art. 5.22, Family Code), and granted to the wife the sole management, control and disposition of the recovery for personal injuries. We hold that in September, 1968, Mrs. Ramos was entitled to proceed to judgment and that her husband was neither an indispensable nor a necessary party to the former suit. What the law was before 1968 is not now before us. The Texas legislature has effectively removed and cut away many of the impediments previously placed on the wife by virtue of her status as a married woman. Any marital rights that accrued to either Ramon Ramos, Jr. or his wife arose at the time of the collision in 1967. Bell v. Phillips Petroleum Company, 278 S.W.2d 407 (Tex.Civ.App., Amarillo 1954, wr.ref., n. r. e.). In 1967 our law had been clearly established that the damages either spouse might recover for personal injuries as a result of an automobile accident would be community property. However, Article 4621, V.A.T.S., indicates that the obvious intention of the legislature was that this article was to govern the management of damages received after its effective date, regardless of when the cause of action for the damages accrued. At least, the statute has no language limiting the effect of its applicability to causes of action accruing after its effective date. Rather, the statute gives the wife the power to manage "recoveries" for personal injuries "awarded" to her. In addition the appellant, having urged the court to adopt the position that it did, cannot now be permitted to complain. The appellant's first point is overruled.

The appellant's final point presents the more difficult proposition that the jury verdict in the prior suit finding that the appellant failed to keep a proper lookout and proximate cause, was not binding on the appellant in his present suit as it was not an essential finding to the judgment in the prior suit. The proposition is based on the fact that not only was the appellant found contributorily negligent, but also the wife was found to have suffered no damage as a result of the accident and therefore the finding by the jury of contributory negligence is not a necessary finding in such judgment as would bind a party or privy to a subsequent action on a different cause of action. Thus pleas of collateral estoppel and res judicata were of no avail in Rios v. Davis, 373 S.W.2d 386 (Tex. Civ.App., Eastland 1963, wr.ref.). In that case, Rios, the third party defendant in the first action, had been found guilty of negligence proximately causing the accident; but there, the plaintiff in the third party action had also been found guilty of contributory negligence proximately causing the accident, and the court points out that the sole basis for the judgment in the prior suit, in so far as it related to the third party action, was the finding of contributory negligence as to the third party plaintiff. Also, Rios lost his right of appeal, as the right of appeal is from a judgment, and not from a finding. That court quoted from the case of Word v. Colley, 173 S.W. 629 (Tex.Civ.App., Galveston 1914, wr. ref.), as follows:

"It is the judgment, and not the verdict or the conclusions of fact, filed by a trial court which constitutes the estoppel, and a finding of fact by a jury or a court which does not become the basis or one of the grounds of the judgment rendered is not conclusive against either party to the suit."

This is quoted to emphasize the fact that the findings against Ramos in the prior suit were one of the grounds for that judgment.

But here we have a different cause of action than that previously litigat-

ed. Texas, since Texas & P. Ry. Co. v. Nelson, 9 Tex.Civ.App. 156, 29 S.W. 78, (1894, wr.ref.) has recognized two causes of action to husband and wife arising out of the same accident, the recovery in one in favor of the husband not being a bar to the bringing of the later suit in favor of the wife for her injuries. Cf. Abilene Gas & Electric Co. v. Thomas, 211 S.W. 600 (Tex.Civ.App.1919), and Davis v. Cayton, 214 S.W.2d 801 (Tex.Civ.App., Amarillo 1948). Therefore, it becomes a question if the proper application of the doctrine of collateral estoppel will apply here. If it does, then the appellant is barred, as the questions of his contributory negligence and proximate cause have been established. By whatever name the doctrine is called (46 Am.Jur.2d 563), it is to the effect that a material fact or question which was directly in issue in a former action and which was there judicially settled, becomes res judicata and may not be litigated again in a subsequent action between the same parties or their privies. 46 Am.Jur.2d 581. The community having been vested with the right to recovery for the 1967 accident, we hold that the wife is in privity with her husband for the causes of action affecting the community estate. McAdams v. Dallas Railway & Terminal Co., 149 Tex. 217, 229 S.W.2d 1012 (1950). Restatement of the Law, Judgments, p. 389, sec. 83. We further hold that the doctrine of estoppel verdict is applicable to the present situation as a matter of law. In addition, we are not going to permit a plaintiff under the facts in this case, who has previously testified to one jury that he had only a slight injury and that he did not intend to bring any claim for damages for himself in the future, to profit by such inconsistency. By this decision we are not going as far as the California courts have gone in Zaragoza v. Craven, 33 Cal.2d 315, 202 P.2d 73, 6 A.L. R.2d 461 (1949), and in Nemeth v. Aluminum Cooking Utensil Company, 146 Cal. App.2d 405, 304 P.2d 129 (1956), but approach the present case under its peculiar facts as being barred by estoppel by ver-

dict. The appellant's final point is overruled.

The judgment of the trial court is affirmed.