**AFFIRMED and Opinion Filed August 16, 2023**



In The
**Court of Appeals**
**Fifth District of Texas at Dallas**

**No. 05-21-01101-CV**

**DAVID BARNES, Appellant**
**V.**
**KATHERINE A. KINSER, JONATHAN J. BATES,**
**AND KINSER & BATES, LLP, Appellees**

**On Appeal from the 116th Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. DC-18-01550**

## MEMORANDUM OPINION

Before Chief Justice Burns, Justice Molberg, and Justice Reichek
Opinion by Justice Reichek

David Barnes sued appellees, his ex-wife's divorce lawyers, for money had and received. Under that theory, he sought to recover half of an amount an arbitrator awarded to the ex-wife in her suit against appellees for legal malpractice. On competing motions for summary judgment, the trial court granted summary judgment for appellees. David raises seven issues challenging the summary judgment. Because the evidence conclusively establishes that appellees did not hold money which in equity and good conscience belonged to David, we affirm.

## Background

David Barnes and Jennifer Barnes were married in 2003. In 2006, David asked Jennifer to sign a marital property agreement (MPA). Katherine Kinser and Johnathan Bates, then with the firm Pezzulli Kinser, LLP, represented Jennifer in the review, negotiation, and revision of the MPA. Both David and Jennifer filed for divorce in 2011. Jennifer contacted Kinser seeking representation in the divorce. By then, Kinser and Bates had left Pezzulli Kinser and formed Kinser & Bates, LLP. Kinser, Bates, and their firm ("appellees") represented Jennifer in the divorce. In the divorce proceeding, Jennifer challenged the enforceability of the MPA. The trial judge ruled that the MPA was enforceable and divided the property according to the agreement.

In May 2014, Jennifer brought a legal malpractice action against appellees. She asserted claims for negligence, gross negligence, DTPA violations, and breach of fiduciary duties arising out of appellees' representation of her in connection with the MPA (the 2006 representation) and with the divorce (the 2011 representation). Based on an arbitration clause in an Engagement Agreement Jennifer signed before the 2011 representation, the trial court compelled the case to arbitration, except as to claims arising out of the 2006 representation.

David attempted to intervene in the arbitration. The arbitrator refused to add him as a party without authorization from the trial court.

The arbitrator issued an arbitration award in September 2017. As framed by the arbitrator, Jennifer's claims were based on allegations that (1) appellees had a conflict of interest in the divorce action based on their involvement in the preparation, negotiation, and execution of the MPA and breached their fiduciary duty by failing to disclose it; (2) appellees recommended against settlement in favor of further litigation; (3) appellees failed to disclose the ongoing impact of the potential conflict of interest; and (4) appellees breached their fiduciary duty by proffering a release agreement after trial without disclosing possible legal malpractice claims.

The arbitration award contained findings favorable to both sides. The arbitrator found in favor of Jennifer in one respect; he determined that appellees knew or should have known of a potential conflict of interest in Jennifer's attempt to set aside the MPA and should have disclosed the conflict and allowed Jennifer to decide whether to proceed with the attempt to set aside the MPA or to hire new counsel. In determining Jennifer's damages, the arbitrator found that a fee disgorgement for the amount attributable to the challenge to the MPA was appropriate. He calculated the fees attributable to Jennifer's challenge to the MPA to be $111,272.00. In addition, the arbitrator found that the community estate was diminished by the fees David incurred in defending the MPA, with half of that amount attributed to Jennifer. The arbitrator used the amount of fees incurred by Jennifer to challenge the MPA as a way to determine the amount by which the

community was diminished due to David's attorney's fees. Thus, the arbitrator awarded Jennifer $111,272, plus half of that amount, $55,636, for a total of $166,908, plus her costs. Her award was reduced by the amount of post-trial attorney's fees she owed and outstanding costs.

In an interlocutory judgment, the trial court confirmed the arbitration award. The trial court later severed Jennifer's claims related to the 2006 representation, making the judgment confirming the award final. In February 2018, appellees paid Jennifer the amount owed under the judgment.

In July 2018, David sued appellees in county court in Dallas County, asserting one claim—money had and received. David argued that because he and Jennifer were married at the time of the conduct giving rise to her claims against appellees, he was entitled to $55,636, one half of the $111,272 the community estate paid for her "wrongful prosecution" of the MPA. He asserted that he (his half of community assets) paid appellees money, which they were holding, that in equity and good conscience belonged to him. On appellees' motion to transfer, the county court transferred David's case to the 116th District Court to be consolidated with the remainder of Jennifer's case against appellees.

Appellees filed a traditional motion for summary judgment on David's claim. They argued it was barred by the attorney–immunity doctrine because his suit is based on appellees' conduct undertaken in the course of representing Jennifer. Appellees supplemented their motion to assert collateral estoppel and res judicata as

additional grounds for summary judgment. David also moved for summary judgment. He asserted that as a matter of law appellees possessed money that rightly belonged to him. On February 22, 2019, the trial court denied all pending summary judgment motions.

The parties filed another round of summary judgment motions. Appellees argued the evidence negates that they held money that in equity and good conscience belonged to David. They also asserted David had no evidence of the elements of his claim and asked the trial court to reconsider its previous order denying their motion for summary judgment on attorney immunity.

David again argued he was entitled to judgment as a matter of law on his claim. He also asserted the arbitrator found that appellees possessed money that rightly belonged to him and thus he was entitled to summary judgment under the doctrines of collateral estoppel and res judicata. Finally, he disputed the application of the attorney–immunity doctrine to the facts of the case.

On November 22, 2021, the trial court granted appellees' summary judgment motion and denied David's motion.[1] The trial court did not specify the grounds on which summary judgment was granted. The court dismissed David's claim with prejudice.

---

[1]The case was stayed for a period of time while David brought an interlocutory appeal of an order denying his motion to dismiss a counterclaim against him under the Texas Citizens Participations Act. We upheld the denial of his motion. *See Barnes v. Kinser*, 600 S.W.3d 506 (Tex. App.—Dallas 2020, pet. denied). Appellees later nonsuited their counterclaim against David.

In this appeal, David argues: (1) the trial court improperly denied his motion for summary judgment and granted appellees' motion because appellees held community funds that belonged to him; (2) the fact that appellees already paid David's community funds to Jennifer does not insulate appellees from liability; (3) res judicata and collateral estoppel preclude appellees from relitigating the findings in the arbitration award, which found appellees to be in possession of community funds and compelled disgorgement; (4) the attorney–immunity doctrine does not apply to protect appellees from liability to a non-client; (5) appellees' no-evidence motion was fatally defective; (6) he presented more than a scintilla of evidence in support of his money-had-and-received claim; and (7) the trial court improperly granted appellees' motion for reconsideration.

## Applicable Law

On cross-motions for traditional summary judgment, each party bears the burden of proving its entitlement to judgment as a matter of law. *Devon Energy Prod. Co. v. Sheppard*, 668 S.W.3d 332, 342–43 (Tex. 2023). When the trial court grants one motion and denies the other, as in this case, we determine all questions presented and render the judgment the trial court should have rendered. *Id.* at 343.

A claim for money had and received is equitable in nature. *Best Buy Co. v. Barrera*, 248 S.W.3d 160, 162 (Tex. 2007). Such a claim belongs conceptually to the doctrine of unjust enrichment. *Edwards v. Mid-Continent Office Distribs., L.P.*, 252 S.W.3d 833, 837 (Tex. App.—Dallas 2008, pet. denied). To prove a claim for

money had and received, a plaintiff must show that (1) a defendant holds money (2) which in equity and good conscience belongs to the plaintiff. *Graman v. Graman*, No. 05-14-01254-CV, 2016 WL 235055, at *5 (Tex. App.—Dallas Jan. 20, 2016, no pet.) (mem. op.). The question in such an action is to which party does the money, in equity, justice, and law, belong. *Id.*

### Analysis

David first argues the trial court erred in denying his second motion for summary judgment and in granting appellees' motion. He maintains he conclusively established a claim for money had and received. He argues his community funds were held by appellees, in the form of attorney's fees paid by Jennifer during the marriage, and that appellees improperly paid his community funds to Jennifer, in the form of the disgorged attorney's fees.

Jennifer used community property to pay her divorce lawyers, as she was entitled to do. Those funds then become property of appellees. David did not assert that appellees held money belonging in equity to him until an arbitrator ruled, post-divorce, that Jennifer was entitled to disgorgement of fees as a measure of damages for appellees' legal malpractice. David relies on the written arbitration award to support his claim. The relevant section of the award, which sets out Jennifer's damages for appellees' failure to disclose the potential conflict of interest, states:

> To the extent the record provides, the arbiter finds a fee disgorgement for amounts attributable to the challenge of the MPA to be appropriate. Using [appellees'] billing statements, the arbiter has calculated fees

believed to be to the MPA, both in the response and drafting of the Motions for Partial Summary Judgment and the actual trial of the case. For purposes of the award, one half of fees attributable to the actual trial of the case has been used to differentiate between the MPA challenge and the balance of the trial.

The aggregate sum found to be attributable to [appellees'] challenge to the MPA is ONE HUNDRED ELEVEN THOUSAND TWO HUNDRED SEVENTY-TWO DOLLARS ($111,272.00).

In addition, the arbiter finds David Barnes incurred an unknown amount of fees specifically attributable to the defense of the MPA. The payment of those fees by Mr. Barnes diminished the community estate with half attributed to Ms. Barnes. The arbiter finds a reasonable sum to be the same amount incurred by Ms. Barnes in the prosecution of her effort to have the MPA declared unenforceable with one-half of that amount ($55,636.00) to be awarded to Ms. Barnes for reduction of the community estate.

David asserts the arbitrator found that appellees' negligence caused damage to the community estate and that appellees collected and should not be allowed to keep $111,272 of community funds used to pay for appellees' services. But the arbitration award did not include an express finding that appellees' conduct damaged the community estate. The arbitrator mentioned the community estate in determining Jennifer's damages, but it was only in connection with a discussion of the presumptive amount paid by David to his attorneys to defend the MPA.

David was not a party to the arbitration. The arbitrator did not make any award to him or determine that he had any interest in the $111,272 awarded to Jennifer that was attributable to her challenge to the MPA. The $111,272 was to compensate Jennifer for appellees' breach of a duty to her. That the arbitrator

ordered the disgorgement of $111,272 in fees does not mean that half of that amount belonged to David.[2] The trial court confirmed the award and rendered a judgment ordering appellees to pay Jennifer a total of $212,648.18, which was made up of her actual damages, costs, and pre-judgment interest. Appellees paid Jennifer in satisfaction of the judgment and did so prior to David's lawsuit.

Contrary to David's assertions, the equities do not lie in his favor. David essentially argues that appellees should have paid a portion of what they were court-ordered to pay Jennifer to him instead. Had appellees done so, they would have done so in defiance of the trial court's judgment. David cannot claim that half of the $111,272 belonged to him in equity and good conscience when appellees handled the money in accordance with a court order. Although David argues that appellees' payment to Jennifer does not insulate appellees from liability to him, the money-had-and-received cases he relies on are distinguishable as they involve money mistakenly given to the wrong recipient. *See Pickett v. Rep. Nat'l Bank of Dallas*, 619 S.W.2d 399, 400 (Tex. 1981) (per curiam); *Newington Ltd. v. Forrester*, No. 3:08-CV-0864-G, 2008 WL 4908200, at *5 (N.D. Tex. Nov. 13, 2008). The undisputed facts in this case do not support a claim for money had and received by

---

[2] Further, David's argument presumes he is entitled to 50% the disgorged fees because the fees were paid with community funds. A family court is not required to divide the community estate equally, but rather in a manner that is "just and right." *See* TEX. FAM. CODE ANN. § 7.001; *Talliti v. Sarris*, No. 05-10-00096-CV, 2011 WL 2859996, at *5 (Tex. App.—Dallas 2011, no pet.) (mem. op.).

David. As a matter of law, appellees did not possess money that in equity and good conscience belonged to David.

David also argues his entitlement to reimbursement of the $55,636 has already been established by the arbitration award and that principles of res judicata and/or collateral estoppel bar appellees from relitigating that entitlement. He maintains the arbitration award established that appellees possessed $55,636 that was his community property. David's premise for his arguments is flawed. As explained above, the arbitrator made no determination that appellees held any property belonging to David. Further, David cannot establish all elements of either doctrine.

Res judicata requires proof of three elements: (1) a prior final judgment on the merits by a court of competent jurisdiction, (2) identity of parties, and (3) a second action based on the same claims as were raised or could have been raised in the first action. *Rosetta Res. Operating, LP v. Martin*, 645 S.W.3d 212, 225 (Tex. 2022). At a minimum, David cannot establish identity of parties. Privity exists if the parties share an identity of interests in the basic legal right that is the subject of litigation. *Amstadt v. U.S. Brass Corp.*, 919 S.W.2d 644, 653 (Tex. 1996). David contends that spouses are in privity with each other for causes of action affecting the community estate and that he was in privity with Jennifer "with respect to the preservation of the assets of their community estate." David ignores the fact that he and Jennifer were divorced when she brought her malpractice claim against appellees. The case on which he relies is distinguishable for that and other reasons.

–10–

*See Ramos v. Horton*, 456 S.W.2d 565, 567–68 (Tex. App.—El Paso 1970, no writ) (suit against third party for husband's injuries in automobile accident was barred by res judicata effect of prior take-nothing judgment in wife's suit against third party for her injuries in same accident where jury found husband was contributorily negligent). David and Jennifer did not share an identity of interests in her post-divorce legal malpractice litigation.

Collateral estoppel is narrower than res judicata, and precludes only the relitigation of identical issues of fact or law that were actually litigated and essential to the judgment in a prior suit. *Farmland Partners Inc. v. First Sabrepoint Capital Mgmt, L.P.*, No. 05-22-00010-CV, 2023 WL 4286017, at *5–6 (Tex. App.—Dallas June 30, 2023, no pet. h.) (mem. op.) Here the issues are not identical. David describes the issue in both the arbitration proceeding and his suit for money had and received as "whether [appellees] held community assets . . . and needed to return them." But the issue in the arbitration proceeding was whether appellees breached any duties to their client, David's ex-wife Jennifer. Collateral estoppel does not apply. The trial court's summary judgment against David cannot be reversed on principles of res judicata or collateral estoppel. We conclude the trial court properly granted traditional summary judgment against David and for appellees. We overrule David's first three issues.

David's remaining issues address appellees' no-evidence motion and the attorney–immunity doctrine—whether the doctrine applies to these facts and

–11–

whether the trial court abused its discretion in reconsidering the applicability of the doctrine. In light of our conclusion that the trial court properly granted traditional summary judgment because the evidence conclusively negates the elements of David's claim, we need not reach these issues. *See* TEX. R. APP. P. 47.1.

We affirm the trial court's judgment.

/Amanda L. Reichek/
AMANDA L. REICHEK
JUSTICE

211101F.P05



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

DAVID BARNES, Appellant

No. 05-21-01101-CV      V.

KATHERINE A. KINSER,
JONATHAN J. BATES AND
KINSER & BATES, LLP, Appellees

On Appeal from the 116th Judicial
District Court, Dallas County, Texas
Trial Court Cause No. DC-18-01550.
Opinion delivered by Justice
Reichek. Chief Justice Burns and
Justice Molberg participating.

In accordance with this Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

It is **ORDERED** that appellee KATHERINE A. KINSER, JONATHAN J. BATES AND KINSER & BATES, LLP recover their costs of this appeal from appellant DAVID BARNES.

Judgment entered this 16th day of August 2023.