[Civ. No. 3125.  First Appellate District, Division Two.—December 29, 1919.]

JENNIE E. JOHNSON et al., Respondents, v. E. W. HENDRICK, Appellant.

[1] NEGLIGENCE—ACTION FOR DAMAGES FOR PERSONAL INJURIES—EVIDENCE.—In this action for damages for personal injuries sustained by a wife when she was thrown from an automobile in which she was riding with her husband when struck by an automobile driven by the defendant, there was sufficient evidence to support the verdict of the jury negativing any claim of contributory negligence on the part of the husband and establishing negligence on the part of defendant under a traffic rule by which the former had the right of way.

[2] ID.—EXTENT OF INJURIES—DAMAGES.—In such action, in view of the nature and continuing character of the injuries sustained by the wife and her inability thereafter to use her right arm, the amount of damages awarded was not such as at first blush to cause that shock to the conscience which is said alone will warrant the inference that the jury has been improperly influenced by passion or prejudice.

[3] ID.—INJURIES TO WIFE—DAMAGES—PARTIES—VERDICT.—Money recovered for damages to the wife is community property; therefore, the husband has an interest in the subject of an action for damages to the wife and is a proper party plaintiff; and where he joins with the wife as party plaintiff in such an action, a verdict in favor of the plaintiffs is correct.

APPEAL from a judgment of the Superior Court of San Diego County.  C. N. Andrews, Judge.  Affirmed.

The facts are stated in the opinion of the court.

Shreve & Shreve and Herbert N. Ellis for Appellant.

E. L. Davin and Sweet, Stearns & Forward for Respondents.

BRITTAIN, J.—The defendant appeals from a judgment for $695, damages and costs, on a verdict of the jury for injuries sustained by Mrs. Jennie E. Johnson, when she was

1.  Negligence of husband as driver of automobile as imputable to wife riding as passenger, note, Ann. Cas. 1918B, 841.

thrown from an automobile in which she was riding with her husband when that car was struck by an automobile driven by the defendant.

The collision occurred at the intersection of Crosby Street and Logan Avenue, in the city of San Diego, in the afternoon of a clear day. Logan Avenue, which was paved with asphalt, runs east and west, and is fifty-two feet wide between curbs. Parallel lines of street railway track are on either side of the center line, and the distance from the curb on each side of the nearest rail of the car track is eighteen and one-half feet. The sidewalks are fourteen feet wide. Crosby Street runs into or across Logan Avenue from the north. It is forty feet wide between curbs, and its sidewalks are ten feet wide. The traffic runs west on the north side of Logan Avenue and east on the south side. On Crosby Street the traffic runs north on the east and south on the west side. At the northeast corner of the street intersection is a large building which cuts off the view of drivers running west on the north side of Logan Avenue. At the time of the collision there was an automobile standing in front of this building near the corner of Crosby Street. Crosby Street was unpaved. There had been rains, and on the east side of the street there was, or had been, a puddle of water or mud hole, and on the west side there were ruts. There was a smoother, beaten roadway covering a portion of the center of the street. Johnson, with his wife and another passenger, was in a Maxwell machine proceeding south on Crosby Street, and Johnson intended to turn east on Logan Avenue. Hendrick, with whom were his wife and daughter, was driving a large Hudson car west on the north side of Logan Avenue. Johnson and other witnesses testified that he drove straight out of Crosby Street on to Logan Avenue, and, because of two fast-moving machines proceeding east on Logan Avenue, slowed down to about one mile an hour, he having cut off his gasoline supply and depressed the foot-lever operating the clutch, so that the machine was slowly moving forward by its own momentum. He said, or it was suggested to him by a question, that he was then "coasting," but the fact appears to have been as stated. Johnson testified positively that he was west of the center line of Crosby Street at all times while he was in Logan Avenue and that he had proceeded

straight across Logan Avenue to a point where the front part of his machine had nearly, if not quite, reached the center line of Logan Avenue before he was struck. Hendrick and his daughter testified that he was driving at the rate of about twelve miles an hour and that shortly before he reached the corner of Crosby Street Johnson came into Logan Avenue on the east side of Crosby Street, turning toward the east, so that the Maxwell machine appeared to be facing him or turning toward him; that he immediately put on his brakes, and the machine he was driving skidded until the left front mud-guard struck the left hind wheel of the Maxwell machine. Under the traffic law it is conceded by the appellant that Johnson, coming into Logan Avenue from the right, had the right of way, but it is claimed that Johnson violated the traffic law in driving into Logan Avenue east of the center line of Crosby Street.

From the foregoing statement it appears that the evidence upon the question of whether Johnson entered Logan Avenue east or west of the center of Crosby Street was sharply in conflict. From the appellant's evidence it appears that if the Hudson machine had not been slowed almost to the stopping point, the collision would have wrecked the Maxwell machine and probably the Hudson car, and that the fact that the Maxwell machine was not moved west very far, if at all, by the impact of the collision, would indicate that the argumentative statement just made was correct. After the collision the Maxwell car was lying on the north car track, extending diagonally into the space between the tracks, with the front end pointed toward the east. It is conceded that by the collision the rear end of the Maxwell car was moved some distance, but not very far, to the west. The broken rear wheel was lying on the ground about two feet north of the outside rail of the north car track and some distance west of the center line of Crosby Street. After passing the machine which stood on Logan Avenue, near the east side of Crosby Street, and near which the appellant's machine was when, according to his testimony, he saw the Johnson machine approaching him, Hendrick might have turned north toward Crosby Street to pass back of the Johnson machine, unless the Johnson machine was so close to the east curb line of Crosby Street that there was not room to pass. If it had been so close as that, to have

reached the point where it was found immediately after the accident it would have been necessary for the impact to be sufficiently strong to shove or throw the Maxwell machine at least fifteen feet, and there is no evidence to support any such deduction. From the place where Hendrick applied the brakes to the Hudson car, the burned tracks of the sliding hind wheels made straight lines from about the east curb of Crosby Street to the place where the rear wheels of the Hudson Car stopped at the time of the impact, a distance of fifteen to eighteen feet. If he had swerved to pass back of the Maxwell car, the track would not have been in a direct line. [1] There was sufficient evidence to support the verdict of the jury negativing any claim of contributory negligence on the part of Johnson and establishing negligence on the part of Hendrick under the traffic rule by which Johnson had the right of way.

[2] It is further contended that the evidence is insufficient to support the verdict because the appellant claims that the award of $695 was excessive, and that it must have been given under the influence of prejudice and passion, of which the appellant contends a contributing cause was the fact, developed on his cross-examination, that his business was that of a saloon-keeper. Mrs. Johnson was seated on the front seat of the Maxwell machine at the time of the collision. By the impact she was thrown out over the door of the machine, stunned, and received numerous bruises, the most serious of which appeared to be some injury to the soft part of her right arm, near the elbow. She also testified to some injury to her hip, from which, she testified, she continued to suffer at the time of the trial. An X-ray plate of the elbow, taken about a month after the accident, failed to show injury to the bone, but the evidence, both of Mrs. Johnson and her medical attendant, showed that there was difficulty in flexing and extending the right arm, and that the swelling of the elbow continued for a period of some weeks. On behalf of the appellant it was sought to be shown that the pains of which Mrs. Johnson complained might have been caused by rheumatism. The most that can be said upon this point also is that the evidence was conflicting and the verdict of the jury is conclusive upon the subject. Mr. and Mrs. Johnson carried on a business together as bath-house keepers on one of the piers in

San Diego. Prior to the accident she had been able to attend to the necessary washing of the articles used in the business and to clean the bath-houses. After the accident she was unable to do this work. She got employment in a fish market, but after five days found that she could not use her arm in the work she was given to do. The amount of damages awarded is not such as at first blush to cause that shock to the conscience which is said alone will warrant the inference that the jury has been improperly influenced by passion or prejudice, nor does it appear that the jury was in any way improperly influenced by learning the nature of the business in which the appellant was engaged.

Jennie E. Johnson, who was injured, was joined as plaintiff by her husband, P. C. Johnson. The verdict of the jury was in favor of the *plaintiffs* and assessed *their* damages at $695. It is argued that the award of a lump sum to both plaintiffs, when the evidence showed but one plaintiff in fact was entitled to recover, rendered the verdict contrary to law. The allegation of the complaint was that plaintiff, Jennie E. Johnson, had been damaged in the sum of three thousand dollars. There was no claim for special damages, and a claim on the part of the husband alone for damages for loss of services of his wife during the time she was incapacitated from work could not have been joined in the suit for the direct damages to her. (*Easton* v. *United Trade etc. Co.*, 173 Cal. 199, [L. R. A. 1917A, 394, 159 Pac. 597].) Prior to the amendment of section 370 of the Code of Civil Procedure, in 1913 [Stats. 1913, p. 217], in an action for injuries to the wife the husband was a necessary party. In such an action, since the amendment, the wife may sue alone, but she is not required to sue in that manner. All persons having an interest in the subject of the action and in obtaining the relief demanded may be joined as parties, except when otherwise expressly provided. (Code Civ. Proc., sec. 378.) **[3]** Money recovered for damages to the wife in this state has always been held to be community property, because it was not owned by the wife before marriage, nor acquired afterward by gift, devise, bequest, or descent. (Civ. Code, sec. 162; *Moody* v. *Southern Pac. Co.*, 167 Cal. 786, [141 Pac. 388].) The husband, therefore, had an interest in the subject of the action

45 Cal. App.—21

and was a proper party plaintiff. The form of the verdict is correct.

It is contended that the court erred in stating, when ruling upon a question of the admissibility of evidence, that he was inclined to the view that the husband was a substantial party to the action, and not a mere and purely formal party, being joined only because of his being the husband, and in instructing the jury upon that theory of the law. The answer to the appellant's second proposition would seem to dispose of this contention. The instructions given to the jury, considered as a whole and in reference to the facts in evidence, appear to be without fault.

The appellant lastly contends that the court erred in denying the defendant's motion for a new trial, which was noticed upon all the statutory grounds. Except as to the matter of the sufficiency of the evidence to sustain the verdict, the points presented to the trial court were the same as have already been determined in the foregoing parts of this opinion. In regard to them there was no error on the part of the trial judge in denying the motion. It is urged, however, that the appellant was deprived of his right to present argument on the sufficiency of the evidence by reason of the refusal of the trial judge to make an order requiring the phonographic reporter to read from his notes all the evidence taken at the trial. The appellant bases his right to have the notes so read on the amendment of section 660 of the Code of Civil Procedure, adopted in 1915, which in terms provides that on the motion for a new trial, if the phonographic notes have not been transcribed, "the reporter must upon the request of the court, or either party, attend the hearing of the motion, and shall read his notes, or such parts thereof as the court, or either party, may require." The code prescribes specific fees to be paid to the phonographic reporter for his services in taking the report and for transcribing his notes. It does not provide fees for reading those notes, which in some cases might occupy many days. The judge of the trial court, in refusing to make the order requested by the appellant, expressed the view that in so far as the section requires the reporter to read his notes without providing a method of compensation, it is unconstitutional. It is not necessary to determine that question in this case. The present appeal was

taken by the alternative method. The reporter's notes were transcribed in full, and are before this court. They have been read and considered in their entirety, and the court has concluded that there was sufficient evidence to sustain the verdict. The court cannot presume that if the same matter had been read to the trial judge he could have reached any other conclusion. Furthermore, if the trial court was in error in this particular, this court is unable, upon an examination of the entire record, including all the evidence, to determine that there has been any miscarriage of justice in this case.

The judgment is affirmed.

Langdon, P. J., and Nourse, J., concurred.