[Civ. No. 12474.  Second Appellate District, Division Two.—April 20, 1940.]

MABEL K. MURDOCK et al., Appellants, v. J. O. EDDY, Respondent.

Paul R. Cote and Euler & Subith for Appellants.

Wilson, Compton & Wilson and Ernest C. Griffith for Respondent.

McCOMB, J.—From a judgment in favor of defendant after trial before the court without a jury in an action to

recover money alleged to be due under a property settlement agreement, plaintiffs appeal.

The essential facts are:

Plaintiff Mabel K. Murdock and defendant were husband and wife. August 18, 1925, they entered into a property settlement agreement by which defendant was to pay to said plaintiff the sum of $1,040 per month so long as she should remain unmarried and in the event that she should obtain a divorce from defendant and subsequently remarry the sum of $520 per month for the care, maintenance, and support of their minor child, plaintiff Jerome Arthur Eddy.

Among others, the property settlement contained these provisions:

"In case a divorce should be hereafter granted at the suit of either of the parties hereto, and if the party of the second part shall hereafter remarry, then and in that event the party of the first part agrees from the date of such remarriage to pay to the party of the second part the sum of five hundred and twenty dollars ($520.00) a month for the care, maintenance and support of the child of the parties of the first and second part, such payment to be in lieu of all support and maintenance of the said child of the parties of the first and second part, it being agreed that the party of the second part shall have no other claim against the party of the first part for any further sum for her support or maintenance after such remarriage."

"Whereas, the said parties desire to effect a settlement of all the property rights, by way of dower, homestead or other interests, of the party of the second part in any property or income owned by the party of the first part, and desire to settle all question of maintenance and support of the party of the second part and of their child, Jerome Arthur Eddy, being the only child of the parties of the first and second part:"

"And for and in consideration of the consummation of this contract by the party of the first part and the payment of the said sums of money in accordance with the terms of this agreement, said party of the second part does hereby release her right of alimony, temporary and permanent, and all her rights of dower, homestead, widow's award or otherwise, in and to the property and estate of the party of the first part."

Plaintiff Murdock obtained a divorce from defendant September 10, 1925, in the State of Illinois, the divorce decree incorporating the property settlement above referred to. Subsequently said plaintiff remarried. Thereafter plaintiff Murdock and plaintiff Eddy through his guardian, he then being a minor, filed an action against defendant in the Superior Court of Los Angeles County to enforce the provisions of the property settlement above set forth, wherein defendant agreed to pay for the care, support, and maintenance of Jerome Arthur Eddy, $520 per month. Defendant claimed that he was relieved from further obligations to pay for his son's maintenance and support because his son had married. However, the Superior Court of Los Angeles County found contrary to this contention and entered a judgment reading in part as follows: (Book 976, p. 3 of Judgments of the Superior Court of Los Angeles County.)

"That said defendant is obligated, under and by virtue of the decree described in plaintiffs' complaint herein, and of the contract incorporated therein, to pay to said plaintiff, Ralph Sparling, as guardian of the estate of said Jerome Arthur Eddy, the sum of $520.00 on the 18th day of each calendar month, commencing with the month of July, 1937, hereafter, and until said Jerome Arthur Eddy shall become twenty-one years of age."

No appeal has been taken from this judgment and it has become final.

Plaintiff Eddy became twenty-one years of age November 15, 1938, and plaintiffs now seek to enforce the property settlement agreement on the ground that defendant's obligation under it did not terminate when plaintiff's son attained the age of twenty-one years.

The trial court in the instant case found that the questions here raised were *res judicata* because of the judgment of the Superior Court of Los Angeles County above mentioned.

This is the sole question to be determined:

*Did the judgment of the Superior Court referred to above render res judicata the question of the time when defendant's obligation to plaintiffs under the above-mentioned property settlement agreement should terminate?*

This question must be answered in the affirmative. ■ The law is established in California that a judgment or decree necessarily affirming the existence of any fact is conclusive upon the parties and their privies whenever the exist-

ence of that fact is again in issue between them, not only when the subject matter is the same, but when the point arises incidentally in relation to a different matter in the same or any other court (*Price* v. *Sixth District Agricultural Assn.*, 201 Cal. 502, 510 [258 Pac. 387]; *Hardy* v. *Rosenthal*, 2 Cal. App. (2d) 442, 444 [38 Pac. (2d) 412]).

It is also settled that when a party acts in a representative capacity, and as such is lawfully authorized to litigate the questions at issue for those whom he represents, they as well as he are bound by the judgment (*Williams* v. *Southern Pac. Co.*, 54 Cal. App. 571, 578 [202 Pac. 356]).

■ Applying the foregoing rules to the facts of the instant case, it is apparent that the plaintiffs in the present case are identical with the plaintiffs in the superior court action above referred to, that the identical provisions of the property settlement agreement were at issue in each case, and that the superior court entered a judgment determining that defendant's obligation to his son should terminate when the son became twenty-one years of age. Since the judgment in the prior action has become final, the matter is *res judicata* and defendant's son having attained his twenty-first birthday, defendant is relieved from further obligation to plaintiffs, or either of them.

For the foregoing reasons the judgment is affirmed.

Moore, P. J., concurred.