[Sac. No. 5950. In Bank. Jan. 25, 1949.]

JENNIE ZARAGOSA, Appellant, v. JERRY ALBERT CRAVEN, Respondent.

C. Ray Robinson, Willard B. Treadwell and Margaret A. Flynn for Appellant.

Stammer & McKnight and James K. Barnum for Respondent.

SCHAUER, J.—Plaintiff appeals from an adverse judgment in this action brought by her to recover for personal injuries suffered in a collision between an automobile operated by defendant and one operated by plaintiff's husband, in which plaintiff was riding. A prior action brought by the husband against the same defendant to recover for his own personal injuries suffered in the same accident resulted in a final judgment against the husband. The question for decision is whether the issues involved in this action brought by the wife are rendered res judicata by the prior judgment against her husband. We have concluded that the wife was in privity with her husband in the prior litigation and that inasmuch as the issues which she seeks to litigate are the same as those decided adversely to the husband in the earlier action, the determination there is binding on plaintiff here and the judgment in defendant's favor, so holding, must be affirmed.

The collision between the automobile operated by plaintiff's husband, in which plaintiff was riding, and the automobile driven by defendant occurred in May, 1946. On June 3, 1946, plaintiff's husband, Joe Zaragosa, filed an action against defendant to recover for his own personal injuries alleged to have been caused by the collision. Approximately three weeks later plaintiff filed the instant action, in which she seeks damages against defendant for personal injuries allegedly received by her in the same collision. Defendant answered in each action, denying negligence on his part and alleging contributory negligence on the part of the husband, Joe Zaragosa.

On October 29 and 30, 1946, the action first filed was tried before a jury; that trial resulted in a verdict and judgment for defendant. No appeal was taken, and the judgment became final. Thereafter, on March 12, 1947, defendant, with leave of court, filed a supplemental answer to plaintiff's complaint herein; in it he alleges that the judgment against the husband

in the first action constitutes an estoppel and renders res judicata against plaintiff and in favor of defendant the issues of defendant's negligence, the husband's contributory negligence, and proximate cause, raised by the pleadings in each of the two actions. By stipulation, the plea of res judicata was tried as a special issue by the court sitting without a jury. Over plaintiff's objection the record in the action brought by the husband was introduced into evidence. The court found in defendant's favor, judgment was entered accordingly, and plaintiff appeals.

Section 1908 of the Code of Civil Procedure provides, so far as here material, that a judgment of a court or judge of this state having jurisdiction to pronounce it, is "in respect to the matter directly adjudged, conclusive between the parties and their successors in interest by title subsequent to the commencement of the action or special proceeding, litigating for the same thing under the same title and in the same capacity, provided they have notice, actual or constructive, of the pendency of the action or proceeding." This court has declared that "In determining the validity of a plea of res judicata three questions are pertinent: Was the issue decided in the prior adjudication identical with the one presented in the action in question? Was there a final judgment on the merits? Was the party against whom the plea is asserted a party or in privity with a party to the prior adjudication?" (*Bernhard* v. *Bank of America* (1942), 19 Cal.2d 807, 813 [122 P.2d 892]; see, also, *Estate of Clark* (1923), 190 Cal. 354, 360-361 [212 P. 622].)

It is not disputed that the issues of defendant's negligence and of the husband's contributory negligence were directly involved in the first action and that one or both of such issues were by the jury determined in defendant's favor. Plaintiff's complaint in the instant case is, of course, predicated upon alleged negligence by defendant, and, further, plaintiff concedes that, unless her recovery would be her separate property (a suggestion of which proposition is hereinafter discussed), contributory negligence by her husband would under the community property law of this state bar her recovery of damages for her personal injuries. (See *Basler* v. *Sacramento Gas & Elec. Co.* (1910), 158 Cal. 514, 518 [111 P. 530, Ann. Cas. 1912A 642]; *Solko* v. *Jones* (1931), 117 Cal.App. 372, 374 [3 P.2d 1028], and cases there cited.) It is therefore apparent that the issues of negligence and contributory negligence, at least one of which, it is shown, was decided in defend-

ant's favor in the prior adjudication, are identical with those issues as presented in the instant action. (See *Todhunter* v. *Smith* (1934), 219 Cal. 690, 694-695 [28 P.2d 916], and authorities there cited; *Sutphin* v. *Speik* (1940), 15 Cal.2d 195, 201-202 [99 P.2d 652, 101 P.2d 497].) It is likewise not disputed that there was a final judgment on the merits in the prior adjudication.

Thus the remaining question is whether the wife—the plaintiff in the present action, against whom the plea of res judicata is asserted—was a party or in privity with a party to the prior action. It is our view that under well-established law the wife, although she was not named as a party in the action brought by her husband, was in privity with him and, hence, substantially in the legal position of a real party in interest in that litigation and she is bound by the judgment rendered therein in defendant's favor.

■ The term "privity" denotes mutual or successive relationship to the same rights or property. (*California State A. Assn.* v. *Brunella* (1936), 14 Cal.App.2d 464, 466 [58 P.2d 694]; 15 Cal.Jur. § 220, p. 191; 30 Am.Jur. 957-958; 50 C.J.S. 324-325.) Thus, in *Cutting* v. *Bryan* (1929), 206 Cal. 254, 258 [274 P. 326], it was held that where a husband, but not the wife, had been made a party defendant in an action concerning the title to certain land which the wife alleged was community property, the husband "was representing the community interest of himself and also of his wife in said property, and that as to such interest the . . . [wife] was in privity with her husband and was represented in said action by him as fully as though she had been expressly made a party thereto. [Citations.]" (See, also, *Murdock* v. *Eddy* (1940), 38 Cal.App.2d 551, 554 [101 P.2d 722]; *Atchison T. & S. F. Ry. Co.* v. *Nelson* (1915), 9 C.C.A., 220 F. 53 [135 C.C.A. 621].) And in 30 American Jurisprudence at page 957 (§ 225), it is declared that "Who are privies requires careful examination into the circumstances of each case as it arises. In general, it may be said that such privity involves a person so identified in interest with another that he represents the same legal right." The "legal right" here, to recover community property, depends in both cases on negligence of the defendant and lack of contributory negligence on the part of the husband in relation to the one accident.

Plaintiff concedes that (at least in the absence of an agreement to the contrary) the damages recovered for the personal injuries of either husband or wife, suffered during their mar-

riage, are community property (see Civ. Code, § 162; *Moody v. Southern Pacific Co.* (1914), 167 Cal. 786, 789-791 [141 P. 388]; *Giorgetti v. Wollaston* (1927), 83 Cal.App. 358, 362 [257 P. 109]; *Solko v. Jones* (1931), *supra,* 117 Cal.App. 372, 374). With particular reference to injuries to the wife, but equally applicable in its relevant principle to injuries sustained by the husband, it is said in *Johnson v. Hendrick* (1919), 45 Cal.App. 317, 321 [187 P. 782], that "Prior to the amendment of section 370 of the Code of Civil Procedure, in 1913 [Stats. 1913, p. 217], in an action for injuries to the wife the husband was a necessary party. In such an action, since the amendment, the wife may sue alone, but she is not required to sue in that manner. All persons having an interest in the subject of the action and in obtaining the relief demanded may be joined as parties, except when otherwise expressly provided. (Code Civ. Proc., sec. 378.) Money recovered for damages to the wife in this state has always been held to be community property, because it was not owned by the wife before marriage, nor acquired afterward by gift, devise, bequest, or descent. (Civ. Code, sec. 162; *Moody v. Southern Pac. Co.,* 167 Cal. 786 [141 P. 388].)" Plaintiff urges, however, that *Franklin v. Franklin* (1945), 67 Cal.App.2d 717, 721-727 [155 P.2d 637], establishes that the cause of action for her personal injuries, as distinguished from any recovery therefor, belongs to her as her separate property, that her husband has no property interest therein, and that plaintiff should be given the opportunity to relitigate in a separate action the issues of negligence by defendant and contributory negligence by plaintiff's husband. (Her husband, under the authorities above cited would also be a proper, but not a necessary, party.) Plaintiff's contention in this respect must be considered in the light of the legislative and case-law history on the subject.

Prior to the 1913 amendment to section 370 of the Code of Civil Procedure, it became established as the law of this state that "A right of action for damages caused by personal injuries to the wife during marriage . . . is community property"; that both husband and wife were necessary party plaintiffs in an action to recover therefor (although the husband was permitted to sue alone for any consequential damages); and that contributory negligence by the husband defeated any right of recovery. (*Moody v. Southern Pacific Co.* (1914), *supra,* 167 Cal. 786, 789-791.) In 1913, the Legislature

amended section 370 to read: "When a married woman is a party [to an action], her husband must be joined with her, except: 1. When the action concerns her *separate property, including action for injury to her person,* libel, slander, false imprisonment or malicious prosecution, or her right or claim to the homestead property, she may sue alone . . ." (Italics added.) In 1921, section 370 was again amended, and since then has read: "A married woman may . . . sue without her husband being joined as a party in all actions, including those for injury to her person, libel, slander, false imprisonment, or malicious prosecution, or for the recovery of her earnings, or concerning her right or claim to the homestead property."

The cases decided subsequent to the 1913 amendment have held, seemingly without a dissenting voice, that the wife may sue alone to recover for her own personal injuries suffered during marriage, but apparently there has at no time been a discussion or consideration of whether by the italicized portion of the 1913 amendment as quoted hereinabove, the Legislature intended to make the cause of action (or the money recovered) for such injuries the separate property of the wife. The cases, other than certain language in the Franklin case (1945, *supra,* 67 Cal.App.2d 717, 721-727), have simply proceeded upon the declared theory that both the cause of action and any recovery of damages are community property, and contributory negligence by the husband still defeats recovery. (See Civ. Code, §§ 162, 163, 164, 687; *Johnson* v. *Hendrick* (1919), *supra,* 45 Cal.App. 317, 321; *Sanderson* v. *Niemann* (1941), 17 Cal.2d 563, 567, 569 [110 P.2d 1025]; 3 Cal.Jur. 10-Yr. Supp. §§ 50-53, pp. 540-544.)

It seems doubtful that by the 1913 amendment to section 370 of our procedural code, the Legislature intended to change the property rules declared by the Civil Code (§§ 162, 163, 164, 687) and by the courts. We are of the view, however, that any doubt which otherwise might exist should be considered obviated by the 1921 amendment to the same section (370), by which the questioned expressions were altered so that the section now carries no possible implication of an intention to define new or change otherwise existing property rights as between husband and wife. Hence, it must be considered as the present law of this state that the cause of action for personal injuries suffered by either spouse during marriage, to whatever extent such cause of action may constitute property (see p. 725, *Franklin* v. *Franklin, supra*),

as well as any recovery therefor, constitutes community property—at least in the absence of agreement otherwise between the spouses. Any contrary implications which may be derived from the language of the Franklin case are disapproved.

It is thus apparent that plaintiff was in privity with her husband, i. e., had a mutual relationship to the same right or property, in the *prior* litigation. The right, or cause of action, involved in such prior litigation was community in nature and the proceeds of any judgment that might have been recovered from defendant would have belonged to both husband and wife, as community property. Therefore, as in *Cutting* v. *Bryan* (1929), *supra,* 206 Cal. 254, 258, the husband was representing the community, to which if judgment had gone against defendant the latter would have owed payment (see *McElroy* v. *McElroy* (1948), 32 Cal.2d 828, 831 [198 P.2d 683] [2] [5]), and consequently the wife was also represented as to her interest in the community and is bound by the judgment.

The fact that the cause of action for injuries to the wife is different from the cause of action for injuries to the husband is here immaterial. ''By virtue of the doctrine of *res judicata* the final determination of a court of competent jurisdiction necessarily affirming the existence of any fact is conclusive evidence of the existence of that fact when it is again in issue in subsequent litigation between the same parties in the same or any other court. The facts decided in the first suit cannot be disputed or relitigated although the later suit is upon a different cause of action. (*Estate of Clark,* 190 Cal. 354, at p. 360 [212 P. 622] ; *Horton* v. *Goodenough,* 184 Cal. 451, at 461 [194 P. 34] ; *Price* v. *Sixth Dist. Agricultural Assn.,* 201 Cal. 502 [258 P. 387] ; *Martin* v. *Holm,* 197 Cal. 733 [242 P. 718] ; 15 Cal.Jur. 134, 136 ; 2 Freeman on Judgments, 5th ed., 1425.) The doctrine of *res judicata* has a double aspect. A former judgment operates as a bar against a second action upon the same cause, but in a later action upon a different claim or cause of action, it operates as an estoppel or conclusive adjudication as to such issues in the second action as were actually litigated and determined in the first action.'' (*Todhunter* v. *Smith* (1934), *supra,* 219 Cal. 690, 694-695.) We are satisfied that upon the record here the legal right to recover the community judgment in both cases depends on an asserted obligation (arising, if at all, from negligence of the defendant and the husband's lack of contributory negligence,

both in proximate relation to the accident in question) which, if it did not exist in the one case, cannot exist in the other.

█  Plaintiff suggests that perhaps she and her husband had agreed that damages recovered for her injuries should be her separate property, and perhaps the jury verdict in defendant's favor in the husband's action was based on his contributory negligence, and urges that in such case any contributory negligence of the husband would not be imputed to plaintiff so as to bar a recovery by her if defendant be found negligent. (See *Perkins* v. *Sunset Tel. & Tel. Co.* (1909), 155 Cal. 712, 719-720 [103 .P. 190].) Assuming in plaintiff's favor, without here passing upon, the correctness of the suggested proposition of law, at the trial plaintiff introduced no evidence of a property agreement between the spouses and may not raise the point for the first time on appeal. Certainly such a suggestion, in the absence of evidence to support it, does not affirmatively establish the prejudicial error required for reversal. (See Cal. Const., art. VI, § 4½.)

For the reasons stated the judgment is affirmed.

Shenk, J., Edmonds, J., Traynor, J., and Spence, J., concurred.

CARTER, J.—I dissent.

The holding of the majority in this case is reminiscent of the period when a wife was a mere chattel of her husband, possessing no rights or property not subject to his ownership or control. The majority ignore the fact that a married woman, when wrongfully injured by a third person, may recover damages for her disfigurement and pain and suffering, which are elements of damage personal to her, and by no reasonable construction of our statutes can be said to constitute community property. The majority likewise ignore the effect of our statutory provisions granting to a married woman the right to bring an action for her personal injury in her own name without joining her husband as indicative of a legislative intent to make such recovery her separate property.

The community property laws in California provide that all property acquired by the spouses during marriage, other than that acquired by gift, bequest, devise or descent, is property belonging to the community.

From these provisions—a patchwork of statutes—we arrive at the erroneous conclusion that all other property, no matter how acquired, is therefore community property. The fallacy in the assumption, as applied to the present case, is apparent when one considers that the person of every living human being is his or her own property. Property is uniformly protected by the law. It is provided that one who owns property, unless he has been at fault in some way, may sue for, and receive compensation in a court of law. If the property injured is the separate property of either the husband or wife, presumably the damages recovered would also be separate property under the provisions of the Civil Code (§§ 162, 163) wherein it is said that the rents, issues and profits of separate property shall be separate property. But when we are faced with an injury to the human body we then follow the law blindly, letter for letter, and declare that this money, given to compensate for pain, suffering and disfigurement, does not come to the particular spouse by ''gift, bequest, devise, or descent,'' so therefore it *must* be community! After all, what else could it be? *Franklin* v. *Franklin,* 67 Cal.App.2d 719, at page 721 [155 P.2d 637]. As an illustration of just how absurd this attitude is, one need only note that property owned by either spouse *before marriage* is considered his or her separate property. And yet, when the undeniably separate property of the wife's person is disfigured, or she suffers pain because of an injury to that property, any damages recovered are community property.

Presumably, the Legislature intended, while putting into effect the community property laws of California, to get away from the old common law under whose provisions the wife was a chattel with a varying monetary worth. The theory back of the community property laws appears to be that marriage is a partnership, to which each spouse contributes. If it is necessary that the wife work for salary or wages in order that the family may prosper, or if the husband is unable to support the family, then her earnings are, and should be, community property. The wife also contributes her share to the partnership by her very presence in the home. It has been held, too, that the husband may relinquish any right or interest he, as manager of the community, and as the other partner, may have in the wife's earnings. But aside from this, if the wife's earning power has been lessened or diminished through an injury received by the fault of another, then

to that extent, the community has suffered and the recovery should be community property. But the wife has also suffered pain and suffering, and possibly disfigurement, which belongs to her alone, and the recovery for these injuries to her person as her separate property should also be her separate property. It is not necessary that any court should blindly try to put *any* property received during a marriage, other than by descent, bequest, devise or gift, into the pigeonhole marked "community." Indeed, in this situation, it is an erroneous application of the law to do so as her person was hers prior to marriage. There is also the matter of common sense in the light of what the Legislature has done, and is trying to do, and that is to increase the rights and privileges of the wife as a member of the partnership of marriage, and to gradually do away with the outmoded concepts of the common law.

The problem is well explained in "Principles of Community Property" (1943) by William Quinby de Funiak, as follows, at page 225: "Their (Courts) usual decision to consider the property received in exchange for separate property as taking the character of separate property is a fortunate triumph of common sense over a lack of understanding of the principles of community property. But apparently the courts are inclined to apply a similar reasoning to the right of action for personal injuries and to the compensation received; that is, it is property acquired during marriage and is not acquired by gift, etc., therefore it must be community property. But this overlooks the principles of onerous and lucrative titles and other pertinent principles. Except for gifts clearly made to the marital community, community property only consists of that which is acquired by onerous title, that is, by labor or industry of the spouses, or which is acquired in exchange for community property (which, of course, was acquired itself by onerous title, again with the exception as to the gift). It must be plainly evident that a right of action for injuries to person, reputation, property, or the like, or the compensation received therefor, is not property acquired by onerous title. The labor and industry of the spouses did not bring it into being. For that matter, it is not property acquired by lucrative title either. . . . Since the right of action for injury to the person, . . . is intended to repair or make whole the injury, so far as is possible in such a case, the compensation partakes of the same character as that which has been injured or suffered loss."

In *Fredrickson & Watson Const. Co.* v. *Boyd,* 60 Nev. 117 [102 P.2d 627], the Nevada Supreme Court said that the compensation to a married woman for personal injuries takes the place of the right of personal security which was violated and belongs to the wife.

Mr. de Funiak points out that in reality when the wife has suffered an injury, both the marital community and the separate individuality of the spouse are injured. ''The only logical conclusion, therefore, is that a personal injury to a spouse, or for that matter an injury to reputation or the like, may give rise to a cause of action in the injured spouse and also in the marital community. This should be so without the necessity of statutory intervention. Indeed, it is probable that such statutes as have been enacted in some of the states result from a hazy idea of the true state of affairs.'' (Principles of Community Property, de Funiak, p. 230.) Injury to the husband and injury to the community from the same act has been recognized as ground for two separate actions in *Lindsay* v. *Oregon Short Line R. Co.,* 13 Idaho 477 [90 P. 984, 12 L.R.A. N.S. 184].

The majority state that: ''The cases, other than certain language in the Franklin case (1945, *supra,* 67 Cal.App.2d 717, 721-727), have simply proceeded upon the declared theory that both the cause of action and any recovery of damages are community property, and contributory negligence by the husband still defeats recovery. (See Civ. Code, §§ 162, 163, 164, 687; *Johnson* v. *Hendrick* (1919), *supra,* 45 Cal.App. 317, 321; *Sanderson* v. *Niemann* (1941), 17 Cal.2d 563, 567, 569 [110 P.2d 1025]; 3 Cal.Jur. 10-Yr. Supp. §§ 50-53, pp. 540-544.'' The Sanderson case is the only one cited (other than the Franklin case) decided after the 1921 amendment to section 370 of the Code of Civil Procedure.

In that section (*supra*) the Legislature has expressly provided that a married woman may sue without joining her husband in the suit. Section 370 provides in part: ''A married woman may . . . sue without her husband being joined as a party in all actions, *including those for injury to her person. . . .''* (Emphasis added.) This then, is an exception established to give a married woman a right she had not before had. When the Legislature makes an exception to the general rule, it must be deemed to have included in its exceptions all that it intended to except. In *Sanderson* v. *Niemann, supra,* it is said (p. 567) ''In this state it is well settled that

the law has conferred upon a married woman a separate right to bring an action in her own name for damages for injuries to her person (section 370, Code Civ. Proc.), and that she is a necessary party to that action (*Redwing* v. *Moncravie,* 131 Cal.App. 569 [21 P.2d 986]), although her husband *may* join her therein. Such a right of action establishes an exception to the rule that the husband has control of the community property and that he must bring all actions which concern it. . . . Therefore, unless it can be said that the provisions of section 370, Code of Civil Procedure, authorize the bringing of an action by the *wife* to recover for incidental or consequential damages which may have been sustained by reason of financial loss to the community,—which right of action has heretofore been generally recognized as existing in the *husband*—there has been no 'splitting' of a cause of action, and respondent's contentions may not be upheld.'' (Emphasis that of the court.) With reference to section 427 of the Code of Civil Procedure, which provides in part as follows : ''. . . in any action brought by the husband. and wife, to recover damages caused by any injury to the wife, all consequential damages *suffered or sustained by the husband alone,* including loss of the services of his said wife, moneys expended and indebtedness incurred by reason of such injury to his said wife, *may be* alleged and recovered without separately stating such cause of action arising out of such consequential damages suffered or sustained by the husband'' (emphasis added), the court has this to say (p. 571) : ''The quoted language imports a recognition of two separate rights or causes of action for damages which may arise out of injuries to the wife, which have been sustained through the wrongful act of another; the one which exists in the wife for damages 'caused by . . . injury to the *wife,*' and the other in the husband, for the recovery of consequential damages suffered or 'sustained by the husband *alone,*' which may include 'indebtedness incurred by reason of such injury to his said wife.' The joinder in one action of both of those causes is authorized by the provisions of that section . . . But the language is *permissive* and not mandatory.''. (Emphasis that of the court.) It was held, in that case, that the wife was not estopped because the issues of negligence and contributory negligence had been decided adversely to her husband in an action in the *small claims court.*

It is apparent from the foregoing discussion that the wife has a cause of action for injuries to her person. It is to be noted that both statutes (Code Civ. Proc., §§ 370, 427) are

permissive. With reference to the present situation, it surely cannot be denied that the injury to the person of the wife and the injury to the person of the husband constitute two causes of action, and that the wife has the right to bring hers alone if she so chooses. But the result reached by the majority ignores this in reaching the conclusion that the judgment against the husband with respect to his action for *his personal injuries* is res judicata upon the issues of negligence and contributory negligence when the wife sues for *her own separate and individual injuries.* This result is reached by declaring that the wife is estopped in her action because the issues of negligence and contributory negligence are the same in both causes of action, and that they were decided in the first action. It is evident from this conclusion that while California may pay lip service to the theory of two separate causes of action through its permissive statute which allows the wife to sue alone, unless she joins with her husband she is deprived of her day in court, thus making section 378 of the Code of Civil Procedure mandatory rather than permissive. This section provides that ''All persons *may* be joined in one action as plaintiffs who have an interest in the subject of the action or in whom any right to relief in respect to or arising out of the same transaction or series of transactions is alleged to exist, whether jointly, severally or in the alternative, where if such persons brought separate actions any question of law or fact would arise which are common to all the parties to the action; . . .'' It may also be noted that the intent of the Legislature, in permitting the wife to sue alone for her personal injuries, may very well have been to constitute any recovery therefor her separate and individual property since the nature of the cause of action and of the recovery *should* be the same despite language in the Franklin case (*supra*) to the contrary.

The result reached by the majority is that although the wife might have a cause of action for her personal injuries, she is estopped because, in the prior action brought by her husband for his personal injuries, he was found to have been contributorily negligent, and since any recovery by the wife would necessarily be community property this contributory negligence is imputed to her. An annotation in 59 American Law Reports, page 153 points out (at p. 154) that, with the exception of some few community property states, ''it is generally held that the negligence of a husband will not,

merely because of the marital relation, be imputed to the wife in an action brought to recover for personal injuries sustained by her." The numerous cases cited there support the statement. The note also points out that *where the recovery would inure to the community* the contributory negligence of the husband would defeat an action by either spouse for injury to the wife resulting from the negligence of a third person because the husband would share and have control over the damages recovered. To support this statement, cases are cited from four of the community property states with those from California in the majority. If the cause of action belonging to the wife is looked upon as one for her personal pain, suffering and disfigurement, and any recovery therefor as her separate property, these cases are not applicable because the husband neither shares nor controls such property.

With respect to the imputation of contributory negligence, Mr. de Funiak in "Principles of Community Property" has this to say (pp. 231-232): "Courts flatly applying the doctrine that a right of action for personal injuries to one spouse belong to the community usually hold that, if the negligence of the other spouse contributed to the injuries of the injured spouse, such contributory negligence must be attributed to the community, thus barring recovery on behalf of the community. . . . But if we apply the principles formulated in the preceding section (previously set forth in this dissent), it should be apparent that the cause of action does not pertain entirely to the community. The wife is properly entitled to a cause of action to the extent at least of her pain and suffering and any monetary loss to her separate property that she has sustained. . . . But if, aside from the husband's negligence, there has been some negligence on the part of the third person contributing to bring about the injury to the wife, he should be liable to her to the extent that his negligence imposes liability upon him, and the husband's contributory negligence should not defeat the right of the wife to recover against such third person who has himself been guilty of negligence. . . .

"In the Spanish law, contributory negligence of the person injured defeated his or her right of recovery, but since husband and wife were treated as separate individuals in their own right, the contributory negligence of one spouse could not defeat the other spouse's right of recovery."

And in 24 California Law Review, 739, at page 741, it is said: "There is no sufficient ground of justice or social policy to refuse the innocent wife any and all recovery because of

her husband's contributory negligence, although such negligence might possibly be considered in mitigation of damages. The right of action of the husband for loss of services of the wife and for medical and other costs incurred by him on account of her injuries would, of course, be barred. The mere existence of marital relationship by itself, without agency or joint enterprise is no ground to make the wife chargeable for her husband's negligence as if it were her own act or by her authority. Denial of all recovery to an innocent person for injuries inflicted by a negligent wrongdoer merely because the plaintiff's negligent husband may also share in the compensation is not in accordance with the rule in other situations.''

Since the courts have barred the wife primarily on the ground that the negligent husband would profit by her recovery, why not change the character of the property recovered by the wife from community to separate?''

It is to be noted that the rule stated in the Restatement of Torts, section 487 (with the exception of the California annotations) is also in accord: ''The contributory negligence of husband or wife does not bar the other spouse from recovery for his or her own bodily harm.'' This is commented on as follows: ''The rule stated in this Section applies only where the husband or wife is bringing an action for bodily harm sustained by himself or herself through the negligence of the defendant.''

The result reached here not only denies the wife any recovery, it denies her ''her day in court.'' A doctrine which produces such a result should not be enunciated by any tribunal which deserves the label ''Court of Justice.''

For the foregoing reasons, I would reverse the judgment.