[Civ. No. 16904.   First Dist., Div. One.   Nov. 30, 1956.]

BERNICE M. NEMETH, Appellant, v. WILLIAM CHARLES HAIR et al., Defendants; ALUMINUM COOKING UTENSIL COMPANY, INC. (a Corporation), Respondent.

Lange & Rockwell for Appellant.

Allan H. Fish for Respondent.

PETERS, P. J.—Bernice M. Nemeth appeals from a summary judgment adverse to her rendered by the Superior Court of Alameda County. The basic question involved is whether a prior municipal court judgment adverse to her husband is res judicata as to Mrs. Nemeth in this superior court action.

The Nemeths owned an automobile as community property. On September 14, 1953, Mr. and Mrs. Nemeth, and their son Anthony, were riding in the car then being driven by Mr. Nemeth when it collided with an automobile then being driven by one Hair. The Nemeths carried a $40 deductible collision insurance policy. The insurance carrier then paid to Mr. Nemeth the sum of $151.74, the amount of the damages to the Nemeth car less the $40 deductible, and took back a standard form of subrogation agreement. On April 22, 1954, the insurance company, acting under the express terms of the subrogation agreement, brought an action in the name of Mr. Nemeth in the municipal court against Hair and the Aluminum Cooking Utensil Company for the $151.74 it had paid to Nemeth, for Nemeth's $40 paid by him under the deductible policy, and for damages for loss of use of the car. Nemeth was not consulted about the filing of this action. The corporate defendant moved for a summary judgment on the ground that it did not own the offending automobile and that Hair, as a matter of law, was an independent contractor. This motion was denied.

On August 4, 1954, Mrs. Nemeth and her minor son commenced an action in the superior court against the same two defendants to recover damages for the personal injuries claimed to have been suffered by them in the same accident.

On August 10, 1954, the corporate defendant renewed its motion for a summary judgment in the municipal court action, and this time, on August 31, 1954, the motion was granted. An appeal was taken to the appellate department of the superior court, and on January 28, 1955, that court affirmed this summary judgment in favor of the corporate defendant. The judgment is now final.

In the meantime, a similar motion was made in the superior court action. This motion, on December 2, 1954, was denied, but after the affirmance by the appellate department of the superior court, it was renewed on the ground that as to Mrs.

Nemeth, but not as to her son, the municipal court judgment was res judicata. This time the motion was granted, and from this summary judgment Mrs. Nemeth appeals.

The only question involved on this appeal is whether the municipal court judgment is res judicata against Mrs. Nemeth in this superior court action brought by her against Hair and the Aluminum Cooking Utensil Company.

The answer to this question, at least prior to 1951, is to be found in the case of *Zaragosa* v. *Craven*, 33 Cal.2d 315 [202 P.2d 73, 6 A.L.R.2d 461]. There, as here, the husband and wife were riding in a car being driven by the husband when it was involved in an accident. The husband brought an action against the driver of the other car for the injuries suffered by him in that accident. Three weeks later the wife sued the same defendant for her injuries suffered by her in the same accident. The action by the husband was tried first, and resulted in a judgment for the defendant. That judgment became final. The defendant then raised the defense in the wife's action that the judgment in the husband's action was res judicata. By a six-to-one vote the Supreme Court held that, because damages for injuries to either spouse are community property, the wife was in privity with her husband in the first action, and was bound by that judgment in her action. Whatever our opinion as to the correctness of that decision may be, as an intermediate court, we are bound by it. Therefore, if that case is still the law, it is controlling in the present case. Whether it is still the law depends upon whether an amendment to section 171c of the Civil Code, adopted in 1951, changed the rule of that case. Appellant claims that it did.

The section reads as follows:

"Notwithstanding the provisions of Section 161a and 172 of this code, and subject to the provisions of Sections 164 and 169 of this code, the wife has the management, control and disposition, other than testamentary except as otherwise permitted by law, of community property money earned by her, or community property money damages received by her for personal injuries suffered by her, until it is commingled with other community property, except that the husband shall have management, control, and disposition of such money damages to the extent necessary to pay for expenses incurred by reason of the wife's personal injuries.

"During such time as the wife may have the management, control and disposition of such money, as herein provided, she

may not make a gift thereof, or dispose of the same without a valuable consideration, without the written consent of the husband.

"This section shall not be construed as making such money the separate property of the wife, nor as changing the respective interests of the husband and wife in such money, as defined in Section 161a of this code."

This section gives the wife the management and control, subject to the enumerated exception, of the damages received by her in a personal injury action, but expressly does not change the character of such property from community to separate property. Does this change the rule of the Zaragosa case?

This problem was raised by counsel in *Kesler* v. *Pabst,* 43 Cal.2d 254 [273 P.2d 257]. In that case the Supreme Court held that, because the cause of action there involved arose before the effective date of section 171c of the Civil Code, it would not decide what effect, if any, the adoption of the amendment might have had on the rule announced in the Zaragosa case.

The Zaragosa case is predicated on the rule, which it reaffirmed, that personal injury damages recovered by either spouse are community property. Section 171c of the Civil Code did not change that rule as to damages recovered by the wife. In fact, the section expressly provides in its last paragraph that the Legislature had no intent to change that rule. What section 171c did, was to give the wife management and control of a portion of the damages recovered by her, while expressly declaring such damages shall remain community property. In other words, the husband still retains a "present, existing and equal" interest in such recovery (Civ. Code, § 161a), and still retains testamentary control over one-half of such property. (Prob. Code, § 201.) The mere change in the management and control of a portion of such property could not operate to change the rule of the Zaragosa case. ▮ The rationale of that case is that a wife is in privity with her husband when he sues for his damages to such an extent that she is, in effect, a real party in interest in that action, and is bound by the judgment therein. The necessary "privity" was found in the fact that the cause of action for the personal injuries of either spouse is community property, and, therefore, when the husband sues he is representing the community in bringing the action. The basis of that "privity" still exists in that such damages are still community property.

Thus, the rule of the Zaragosa case was not affected by the adoption of section 171c of the Civil Code. It should be mentioned that this view is supported by the various commentators who have discussed the new section. (2 Armstrong, California Family Law, p. 1512; 42 Cal.L.Rev. 848; 6 Hastings Law Journal, p. 92.)

■ Appellant next contends that even if *Zaragosa* v. *Craven,* 33 Cal.2d 315 [202 P.2d 73, 6 A.L.R.2d 461], is still the law, it is distinguishable from the case at bar. This argument is based upon the contention that in the Zaragosa case the husband was in fact representing the community in the prior action, while in the instant case the insurance carrier of the husband brought the municipal court action, using the name of the husband by reason of the subrogation agreement. Appellant urges that she was not in privity with the insurance company. It should be noted that the insurance company sued in the municipal court action not only for the money it was out of pocket, but also for the $40 claim of the husband for his share of the deductible portion of his policy, and for his loss of the use of the car. Moreover, although the husband here did not have knowledge that the municipal court action was to be filed, he had, by the subrogation agreement, authorized it to be brought in his name. Thus, the husband was clearly bound by the municipal court judgment. He was a party to that suit, and was represented in it. Since the husband is estopped to relitigate the issue of the corporate defendant's liability, the appellant is also bound, under the doctrine of the Zaragosa case.

The judgment appealed from is affirmed.

Bray, J., and Wood (Fred B.), J., concurred.

A petition for a rehearing was denied December 28, 1956, and appellant's petition for a hearing by the Supreme Court was denied January 23, 1957. Carter, J., and Traynor, J., were of the opinion that the petition should be granted.