[Civ. No. 28338.   Second Dist., Div. Three.   Apr. 8, 1966.]

THELMA  KIMBROUGH, Plaintiff  and  Respondent,  v.
ROUTH  TRUCKING  CO., Defendant  and  Appellant;
GUARANTEE  INSURANCE  CO., Intervener  and  Re-
spondent.

Kinkle, Rodiger, Graf & Dewberry, Kinkle, Rodiger, Graf, Dewberry & Spriggs, George P. Kinkle, Jr., Joe A. Austere and T. Roger Duncan for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

Spray, Gould & Bowers, Lee Millard and Henry E. Kappler for Intervener and Respondent.

SHINN, P. J.—Thelma Kimbrough brought suit against Routh Trucking Company for damages for the death of her husband, Isom Kimbrough, who lost his life when a truck he was driving for J&S Disposal Company collided with a truck and trailer of defendant Routh. Harold Kimbrough, an adult son, was a plaintiff, but went out on a nonsuit.

In the present action Guarantee Insurance Company filed a complaint in intervention alleging it was the compensation insurance carrier for J&S, was liable for a death benefit in favor of the family of Kimbrough in the sum of $15,400 upon its policy of insurance, and seeking judgment against Routh in that amount. The case was tried to a jury; by verdict and judgment Guarantee was awarded $12,400 and Mrs. Kimbrough had judgment for $6,750; no appeal was taken from Mrs. Kimbrough's portion of the judgment, but Routh appeals from the portion in favor of Guarantee. It is not questioned that the evidence was sufficient to prove that the negligence of Routh was a proximate cause of the accident.

As a special defense to the complaint in intervention Routh pleaded as res judicata a judgment of the superior court in an action brought by J&S Disposal against Routh to recover damages for injury to its truck. In that action a general verdict and judgment were in favor of Routh.

By settled statement it was agreed that the claim of J&S for property damage and the claim of Mrs. Kimbrough arose out of the same accident, that Guarantee was the compensation insurance carrier for J&S and that Mrs. Kimbrough's action was pending when the action of J&S was instituted. The record discloses that Guarantee's complaint in intervention was filed after judgment was rendered in the former action.

Upon facts that are not disputed the following rights and duties arose: upon the death of Kimbrough J&S became obligated to pay a Workmen's Compansation benefit to his family; since J&S was insured by Guarantee the obligation was that of the insurer (Lab. Code, § 3850), and under section 11662 of the Insurance Code Guarantee was subrogated to the

rights of J&S against Routh, namely, the right to sue Routh for the compensation benefit paid to Mrs. Kimbrough, to join with her as a plaintiff against Routh (Lab. Code, § 3853) or to claim a lien upon any judgment she might recover from Routh (Lab. Code, § 3856).

The sole question presented on the appeal is whether the claim of Guarantee was barred by the judgment in the former action. Appellant says in the brief "Respondent was in privity with J&S Disposal Company. . . . The doctrine of *Res Judicata* is applicable when the identical issue was decided in a prior case by a final judgment on the merits and the party against whom the plea is asserted was a party or in privity with a party to a prior adjudication [,]" citing *French* v. *Rishell*, 40 Cal.2d 477 [254 P.2d 26] and *Bernhard* v. *Bank of America*, 19 Cal.2d 807 [122 P.2d 892]. It is then said that all the requirements of the doctrine were present and that the issues of negligence of Routh and contributory negligence of J&S, which were actually litigated and decided in the prior adjudication, were identical with those relitigated in this case.

In the next step it is contended that the former judgment determined either that Routh was not negligent, in which case it would be relieved of liability, or that J&S was guilty of negligence, which would bar a recovery by it or by Guarantee of the amount of the compensation that had been paid. It is said "Although J&S Disposal Company did not litigate the issues [*sic*] of death of its employee, in its action against appellant, it had [*sic*] certainly litigated and brought out all the material facts surrounding the accident and destruction of its truck" and "In the instant case, if the insured employer had intervened in his own name, he would doubtlessly [*sic*] have been estopped by the defense of *Res Judicata*." But our concern is not merely with the facts that were determined in the former action but with the issues that were actually litigated and the persons or entities whose rights were adjudicated.

Certainly it was determined in the former action that Routh was not solely responsible for the accident but there is no contention that Mrs. Kimbrough was bound by that determination or that Guarantee was bound unless it was in privity with J&S with respect to the issues that were litigated in the action to recover for damages to property.

"The term 'privity' denotes mutual or successive relationship to the same rights or property." (*Zaragosa* v.

*Craven,* 33 Cal.2d 315 [202 P.2d 73, 6 A.L.R.2d 461].) Appellant fails to explain how this requirement of the rule has been met; and it is clear that not all of the essentials of privity were present.

Aside from the result, all we know about the former action is that neither Mrs. Kimbrough nor Guarantee was a party to the action; neither had an interest in the subject matter of the action and their rights as against Routh were in no manner involved or represented.

We have been cited to no rule of law under which either Mrs. Kimbrough or Guarantee was required to become a party plaintiff in the action to recover damages for the injury to the J&S property, or which would hold them bound by the determination of any of the issues therein.

We therefore agree with the trial court that no privity was shown to exist between J&S and Guarantee as to the matters in issue in the former action.

To have deprived Guarantee of its rights upon the basis of a judgment in an action in which its rights were not in issue, and to which it was in every sense a stranger, would have been a misapplication of the rule of res judicata and a denial of due process.

Guarantee urges a theory for affirmance of the judgment, even if privity between it and J&S were found to have existed. We need not consider this or any other problem that would have existed in that hypothetical situation.

Since Routh failed to establish its defense of res judicata and the judgment is not challenged upon any other ground it must be affirmed.

The judgment is affirmed.

Ford, J., and Kaus, J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied June 1, 1966.