[Civ. No. 47308. Second Dist., Div. Four. June 18, 1976.]

Estate of JOSH EDGAR KIRBY, Deceased.
KENNETH CORY, as State Controller, Petitioner and Respondent, v.
AFTON L. KIRBY, as Executrix, etc., Objector and Appellant.

COUNSEL

Joseph P. D. Kern and John F. Scoles for Objector and Appellant.

Myron Siedorf, Margaret Groscup and Bettina A. Bate for Petitioner and Respondent.

OPINION

DUNN, J.—Afton Kirby appeals from an order fixing inheritance tax, and from an order denying her objections to report of inheritance tax referee,[1] made in the matter of the estate of her deceased husband, Josh Kirby. Only the order fixing inheritance tax is appealable. (Prob. Code, § 1240; *Estate of Johnston* (1970) 12 Cal.App.3d 855, 858 [91 Cal.Rptr. 116].) Accordingly, the purported appeal from the order denying objections to report of inheritance tax referee is dismissed.

---

[1]The notice of appeal states this appeal is "from the order denying the Report of the Inheritance Tax Referee dated May 29, 1975 and filed May 30, 1975." Inasmuch as the only order of such dates is one denying objections to the report, we have so interpreted the appeal.

The record shows: in 1965 Josh and Afton were married; in 1966 Josh was injured in an accident and filed a personal injury action; in December 1968 the action was tried and judgment for $460,000 was entered in favor of Josh; pending a possible appeal from the judgment, he settled his claim for $230,000, which sum was paid to him on January 17, 1969; Josh died in August 1970; his will (admitted to probate) bequeathed the residue of his estate to Afton, his surviving spouse; the report of an inheritance tax referee determined that the residue of the estate ($93,930.85) and an *inter vivos* gift ($57,350) to Afton from Josh were subject to an inheritance tax of $5,942.38 because the residue and the gift were part of the $230,000 paid to Josh in settlement of his personal injury claim, and such sum was his separate property.

Afton filed objections to the report on the ground that the personal injury settlement received by Josh was community property. The trial court denied the objections, and signed and filed an order fixing the tax in accordance with the report.

Prior to 1957, both the cause of action and the damages recovered for personal injuries to either husband or wife during the existence of the marriage were community property. (*Zaragosa* v. *Craven* (1949) 33 Cal.2d 315, 320-321 [202 P.2d 73, 6 A.L.R.2d 461]; *Frost* v. *Mighetto* (1937) 22 Cal.App.2d 612, 614 [71 P.2d 932]; 7 Witkin, Summary of Cal. Law (8th ed.) Community Property, § 13, p. 5104.) To eliminate the imputation of contributory negligence between husband and wife which resulted under this rule (see *Zaragosa* v. *Craven, supra,* 33 Cal.2d at p. 317; *Basler* v. *Sacramento Gas & Elec. Co.* (1910) 158 Cal. 514, 518 [111 P. 530]; *Giorgetti* v. *Wollaston* (1927) 83 Cal.App. 358, 362 [257 P. 109]) the Legislature in 1957 enacted Civil Code section 163.5,[2] which provided that all damages for personal injuries were the separate property of the injured spouse. Although this statute solved the imputed negligence problem, it proved unsatisfactory in other respects. (See 7 Witkin, Summary of Cal. Law (8th ed.) Community Property, § 14, pp. 5106-5107.) Accordingly, in 1966 the Law Revision Commission recommended that personal injury damages again be classified as community property, with additional legislation to eliminate the problem of imputed contributory negligence. (See 8 Cal. Law Revision Com. Rep., p. 407 et seq.) Accepting the recommendation, the Legislature in 1968 amended Civil Code section 163.5 to restore the community property status of

---

[2] Civil Code section 163.5: "All damages, special and general, awarded a married person in a civil action for personal injuries, are the separate property of such married person."

personal injury damages recovered during the marriage, and enacted section 169.3 to provide that damages received after dissolution are the separate property of the injured spouse. (Stats. 1968, ch. 457, §§ 2, 5, effective Nov. 13, 1968.) The Legislature met the problem of imputed contributory negligence by enacting section 164.6 to bar imputation of contributory negligence between husband and wife. (*Id.*, § 3.) Sections 163.5, 164.6 and 169.3 were reenacted as Civil Code sections 5109, 5112 and 5126,[3] respectively, in the 1969 Family Law Act (Civ. Code, § 4000 et seq.). "Thus California, after years of vacillation caused by the effect of the community property law upon the doctrine of imputed contributory negligence, has evolved a simple rule: personal injury damages received during marriage are community property, but amounts received after dissolution are the separate property of the injured spouse. [Citations]." (*In re Marriage of Jones* (1975) 13 Cal.3d 457, 463 [119 Cal.Rptr. 108, 531 P.2d 420], disapproved on other grounds in *In re Marriage of Brown* (1976) 15 Cal.3d 838, 851, fn. 14 [126 Cal.Rptr. 633, 544 P.2d 561].)

■ Appellant concedes that in 1966, when Josh sustained injuries and filed the personal injury action, Civil Code section 163.5 provided that any damages awarded him in that action were his separate property. However, appellant points out that Josh received the $230,000 in settlement of his claim after November 13, 1968, the effective date of the act which changed the character of such a settlement from separate to community property. Therefore, appellant argues, the settlement was community property. We disagree. Section 7 of chapter 457, Statutes 1968, provides: "This act [the act changing the nature of personal injury damages from separate to community property] does not confer or

---

[3]Civil Code section 5109: "All money or other property paid by or on behalf of a married person to his spouse in satisfaction of a judgment for damages for personal injuries to the spouse or pursuant to an agreement for the settlement or compromise of a claim for such damages is the separate property of the injured spouse."

Civil Code section 5112: "If a married person is injured by the negligent or wrongful act or omission of a person other than his spouse, the fact that the negligent or wrongful act or omission of the spouse of the injured person was a concurring cause of the injury is not a defense in any action brought by the injured person to recover damages for such injury except in cases where such concurring negligent or wrongful act or omission would be a defense if the marriage did not exist."

Civil Code section 5126: "(a) All money or other property received by a married person in satisfaction of a judgment for damages for personal injuries or pursuant to an agreement for the settlement or compromise of a claim for such damages is the separate property of the injured person if such money or other property is received as follows: [¶] (1) After the rendition of a decree of legal separation or a final judgment of dissolution of a marriage. [¶] (2) While either spouse, if he or she is the injured person, is living separate from the other spouse. [¶] (3) After the rendition of an interlocutory decree of dissolution of a marriage. . . ."

impair any right or defense arising out of any death or injury to person or property occurring prior to the effective date of this act." In its report recommending adoption of the act, the Law Revision Commission explained the purpose and effect of section 7: "In order to avoid making any change in rights that may have become vested under the prior law, the act is made inapplicable to causes of action arising out of injuries occurring prior to the effective date of the act." (8 Cal. Law Revision Com. Rep., p. 419.) Civil Code section 163.5 conferred on the plaintiff spouse in a personal injury action the right to classification as his separate property of any sum he received pursuant to either a judgment or a settlement of the action. (See *Estate of Rogers* (1972) 24 Cal.App.3d 69, 72-77 [100 Cal.Rptr. 735].) The act reclassifying such sum as community property could not impair that right by changing the separate property character of money paid to a spouse in settlement of his personal injury action commenced before the effective date of the act, even though the money was paid after that date.

It follows that the $230,000 received by Josh in settlement of his personal injury claim was his separate property.

The order fixing inheritance tax is affirmed. The appeal from the order denying appellant's objections to report of inheritance tax referee is dismissed.

Kingsley, Acting P. J., and Jefferson (Bernard), J., concurred.