
**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| TAWNY SHARP and DAVID WALTERS, | No. 12-56017 |
| Plaintiffs - Appellants, | D.C. No. 2:11-cv-07712-GAF-SP |
| v. | |
| DEUTSCHE BANK NATIONAL TRUST COMPANY, as Trustee, | MEMORANDUM* |
| Defendant - Appellee, | |
| and | |
| DEFAULT RESOLUTION NETWORK, | |
| Defendant. | |

Appeal from the United States District Court
for the Central District of California
Gary A. Feess, District Judge, Presiding

Submitted November 18, 2015**

Before:    TASHIMA, OWENS, and FRIEDLAND, Circuit Judges.

---

\*       This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

\*\*       The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Tawny Sharp and David Walters appeal pro se from the district court's judgment dismissing their action arising out of foreclosure proceedings. We have jurisdiction under 28 U.S.C. § 1291. We review de novo a dismissal on the basis of res judicata. *Mpoyo v. Litton Electro-Optical Sys.*, 430 F.3d 985, 987 (9th Cir. 2005). We affirm.

The district court properly dismissed plaintiffs' action as barred by the doctrine of res judicata because plaintiffs could have raised their claims in Sharp's prior California state court action, which involved the same primary rights, the same parties or their privies, and resulted in a final judgment on the merits. *See Fed'n of Hillside & Canyon Ass'ns v. City of Los Angeles*, 24 Cal. Rptr. 3d 543, 557 (Ct. App. 2004) (setting forth elements of res judicata under California law and noting that "[r]es judicata bars the litigation not only of issues that were actually litigated but also issues that could have been litigated"); *see also Mueller v. J.C. Penney Co.*, 219 Cal. Rptr. 272 (Ct. App. 1985) ("Under California law, spouses are in privity with each other where the cause of action in the prior litigation was 'community in nature' and the 'proceeds of any judgment that might have been recovered . . . would have belonged to both husband and wife, as community property.'" (quoting *Zaragosa v. Craven*, 33 Cal. 2d 315, 321 (1949))).

We reject plaintiffs' arguments that defendants lacked "constitutional standing" to bring a motion to dismiss or that the district court lacked authority to hear the motion.

**AFFIRMED**.

12-56017